### Houston & Texas Central Railway Company v. Heirs of James Bowie.

#### No. 133.

1. **Surveys—Case Adhered to.**—Cox v. Railway Company, 68 Texas, 226, adhered to, that surveys made by the district surveyor of Jack Land District, of land in Hardeman County while it was part of Clay Land District, are invalid and did not appropriate the land.

2. **Land Office Maps as Evidence — Archives.** — Certified copies of maps in use in the Land Office, and archives of the office, are competent as evidence showing conflict of surveys placed upon such maps in the Land Office. Such map not being contradicted or shown to be inaccurate, is sufficient evidence of such conflict.

3. **Disclaimer—Costs, Recovery of Part.**—In trespass to try title and to cancel patents conflicting with the patent under which plaintiffs hold, the defendants disclaimed as to part of the land sued for, and pleaded not guilty. Recovery was had of part of the land sued for to which was pleaded not guilty. *Held*, that judgment for plaintiffs for all the costs was not error.

**Appeal** from Travis. Tried below before Hon. W. M. Key.

*T. D. Cobbs*, for appellant.—1. The court erred in permitting plaintiffs, over the objection of defendants, to introduce in evidence the map from the General Land Office, for the purpose of proving a conflict of the plaintiffs' and defendant's lands, there being no other evidence introduced to locate the particular place, locality, and identity of the lands, either of plaintiffs or defendants, or where the lands of either were located in Hardeman County. Sayles' Civ. Stats., arts. 2245–2253; Railway v. Thompson, 65 Texas, 186; Boon v. Hunter, 62 Texas, 588; Custard v. Musgrove, 47 Texas, 220; Koenigheim v. Miles, 67 Texas, 113.

2. The court erred in rendering judgment against defendants for all of said land and adjudging all of said costs against defendants, notwithstanding defendants' disclaimer. Sayles' Civ. Stats., arts. 4791, 4794.

*A. M. Carter* and *A. M. Jackson, Jr.*, for appellees.—1. The "sketch" of which complaint is made by the assignments of error, being a certified copy of an archive and record of the Land Office, was admissible in evidence on any issue it would tend to prove. Sayles' Civ. Stats., arts. 2245–2253; Railway v. Thompson, 65 Texas, 186; Boon v. Hunter, 62 Texas, 588; Custard v. Musgrove, 47 Texas, 220; Haney v. Clark, 65 Texas, 97; Koenigheim v. Miles, 67 Texas, 113.

2. The surveys for the company being made by the surveyor of Jack Land District at a time when Hardeman County was a part of the Clay Land District, defendants' surveys were void. The surveys of plaintiffs, made through the Jack Land District, after it had acquired jurisdiction over Hardeman County, was a valid appropriation of the land. Laws 1873, p. 150; Laws 1874, p. 161; Cox v. Railway, 68 Texas, 226.

COLLARD, ASSOCIATE JUSTICE.—This is an action by the heirs of James Bowie, the original petitioners and intervenors, all in the attitude of plaintiffs, against the Houston & Texas Central Railway Company, Charles Dillingham, Nelson S. Easton, and James Rintoul, defendants, to recover 1920 acres of land in one survey and 177 acres in another, both in Hardeman County, Texas, and both located by virtue of genuine certificates issued to the heirs of James Bowie. Both surveys are described by metes and bounds in the petition, and it is alleged, that "defendants in some manner have obtained from the General Land Office of Texas patents on certain surveys claimed by them, which cover part of the lands sued for; that defendants had no legal surveys or locations in conflict with the James Bowie survey, and said patents were improperly issued and cast a cloud upon the title of the heirs of Bowie." Prayer that the title of plaintiffs and intervenors be established and quieted, that they recover the land from defendants, and that the patents, in so far as they conflict with the lands of the heirs sued for, be cancelled. Venue was changed to Travis County.

Defendants answered by plea of not guilty; deny that there is any conflict between the lands claimed by them and plaintiffs, but that if there be any conflict, it " is in part only, and conflicts very slightly with plaintiffs' land." Defendants also disclaimed title to all the surveys known as the even-numbered surveys made by defendant company in Hardeman County for the public free school fund; and also disclaimed number 19, block 44, it having been sold to Jackson & Smith, of Jefferson, Missouri.

Judgment was rendered by the court for plaintiffs and intervenors for the land sued for, that their title be established, and that all claim of title held by defendants to any of such land be cancelled, etc. Defendants appealed.

Plaintiffs and intervenors proved, that the land in suit was located by valid certificates issued to the heirs of James Bowie, and that the surveys were made by the district surveyor of Jack County on the 11th and 28th days of November, 1874, and properly returned to the General Land Office.

It was also proved that the plaintiffs and intervenors were the heirs of James Bowie.

Defendants' surveys were made in alternate sections for the defendant railway company by the district surveyor of Jack Land District, on December 18, 1873, and were duly and properly returned to the General Land Office, the alternate odd-numbered sections for the company and the even numbers for the public school fund. Defendants' surveys were patented in 1877, except one in 1881.

Plaintiff offered in evidence a Land Office copy of a part of a map, duly certified by the Commissioner to be a correct copy of sketch number 14½ in Hardeman County, which is certified to be a record of the office and in use by the office, which indicates the railroad lands by black lines, and the lands located for the James Bowie heirs by red and yellow double lines.

The map clearly shows that the 1900 acres surveyed for the heirs of James Bowie covers all of section 20 and parts of sections 19, 21, 12, 18, 17, 36, 37, and 38, surveyed by the railway company for itself and the public school fund. The lands of the railway and those of the school fund are in a solid block; the land of the Bowies lies upon top of them so as to include number 20 and parts of other surveys as stated. It also shows that the Bowie labor includes parts of numbers 51, 52, and 527, surveyed for the railway company and the school fund.

Plaintiffs offered no testimony to show the conflict except the map or sketch from the Land Office, and the important question in the case, properly raised by assignment of error, is as to the competency of the testimony—the map—to prove the conflict.

The surveys of the railway company were made prior to those made

for the Bowie certificates, the former in December, 1873, and the latter in November, 1874.

But the surveys made for the company were invalid, because they were made by the district surveyor of Jack Land District at a time when Hardeman County, in which the lands were situated, was not a part of that district, but was a part of the Clay Land District. In November, 1874, when the Bowie surveys were made, Hardeman County was a part of the Jack Land District, having been by act of the Legislature detached from the Clay District. General Laws of Texas, 1873, Act to create and define Clay Land District, p. 150; General Laws of Texas, 1874, Act to define land districts of Palo Pinto, Jack, Clay, Young, and Eastland, sec. 2, p. 162; Cox v. Railway, 68 Texas, 226.

Appellants have no assignment of error on this point, assuming, as it seems, that plaintiffs have title to the land sued for. We have noticed it because it is a necessary part of this case.

The surveys for the Bowie certificates were made before the patents issued to the railway company, and secured rights in the land superior to those of defendant.

The certified copy from a sketch *in use* in the General Land Office was admissible in evidence. It was not a plat made by a draughtsman from field notes and records in the office, as in the case of Railway v. Thompson, 65 Texas, 193, but a copy of an archive—a map in use in the office. Rev. Stats., arts. 57, 2252; Smith v. Hughes, 23 Texas, 249; Boon v. Hunter, 62 Texas, 589.

It may not have been competent for the certificate of the officer to state that the sketch correctly shows the position of Bowie surveys and of those made for the railway company, but the certificate was sufficient in other respects to admit the copy from the map.

The court below declined to receive as evidence that part of the certificate declaring that the map correctly showed the relative positions of the surveys, but accepted the copy of the map itself as evidence of the fact. The map was evidence; the certificate was not—it was only the unsworn opinion of the Commissioner.

The map was sufficient of itself, there being no contradictory testimony, to establish the facts shown by it, that there was a conflict of the Bowie surveys with the surveys claimed by defendants, as well as others indicated thereon and figuring in the case. The court below rested his conclusion as to conflict upon the map, as he should have done, in the absence of opposing testimony.

Defendants can not complain because the court rendered judgment against them for all the land sued for. The disclaimer of a part of the land sued for did not affect the issue as to the parts they did claim under their plea of not guilty. Had they disclaimed all the land sued for, the question would be different. Their denial of the alleged conflict was not

a disclaimer. The denial, however, admitted that if there was a conflict, it was very slight. The denial did not establish the fact. The issue under their plea of not guilty as to conflict was still left in the case for trial by the court. The evidence showed a conflict with lands claimed by them, and judgment was accordingly rendered against them.

Plaintiffs showed superior title in themselves to all the land sued for, defendants claiming only a part of it by patents, clouding the title, and it was proper to render judgment for plaintiffs for all the land. The owners of other surveys in conflict with plaintiffs' land, disclaimed by defendants, were not affected by the judgment. So far as costs are concerned, we do not see from the record that they are increased by the fact that defendants' surveys only conflicted in part with the land of plaintiffs.

Plaintiffs' recovery was for all the surveys sued for, as it ought to have been.

We have disposed of every material assignment of error in the foregoing, and find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered February 15, 1893.

Justice KEY did not sit in this case.