Frederick P. Olcott v. Mrs. J. P. Smith.

Decided November 8, 1902.

**Survey—Land Certificate—Location—Appointment of Officer.**

Hardeman County not having been organized until 1872, being attached until that time to Montague County, was not within the meaning of the Act of May 25, 1871, authorizing the Governor to appoint one surveyor for two or more counties, and his appointment in 1871 of a surveyor for Jack and Hardeman counties being without color of authority and void, locations made in Hardeman County by such surveyor are invalid, though made by him as surveyor of the Jack land district.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*A. M. Carter,* for appellant.

*J. Y. Smith,* for appellee.

STEPHENS, Associate Justice.—The invalidity of locations of land certificates made in 1872 and 1873 in the then unorganized county of Hardeman by the surveyor of Jack County was recognized by the Legislature and declared by the Supreme Court of this State more than fifteen years ago, and has been time and again reaffirmed since. Cox v. Railway, 68 Texas, 226; Railway v. Bowie's Heirs, 2 Texas Civ. App., 440, 21 S. W. Rep., 304; Blum v. Railway, 10 Texas Civ. App., 317, 31 S. W. Rep., 526; Kinmore v. Railway, 76 Texas, 691; Duren v. Railway, 86 Texas, 287; Railway v. Carter, 24 S. W. Rep., 1103.

This suit was brought by appellant to have the same matter readjudicated, and, as he claimed under such invalid location, recovery was of

course denied him. He insists, however, that in none of the cases above cited was it relied on, as was done on the trial of this case, that the surveyor who made the locations in Hardeman County in 1872 acted under appointment of the Governor of Texas by virtue of an act of the Legislature passed May 25, 1871, which authorized the Governor to "appoint one county surveyor for two or more counties." In support of this contention it was shown that E. Boone, who made the location in question for appellant in November, 1872, "acting as the surveyor of the Jack land district," was appointed county surveyor of Jack County and county surveyor of Hardeman County May 31, 1871, and qualified as such June 16, 1871, and that he was appointed county surveyor of Hardeman County June 12, 1872. But we fail to see how appellant is to avoid the decision in Cox v. Railway, and other cases, supra, on this ground, since those cases rest upon the construction that the Act of 1866 therein referred to, and which remained in force till 1874, attached Hardeman to Montague instead of to Jack County. Hardeman County not then having been organized, and standing thus attached by law as a part of the territory of Montague, it was not a county within the meaning of the Act of May 25, 1871, for which the Governor was authorized to appoint a surveyor. The Legislature in passing that act evidently had in view the following clause in the proviso of section 30, article 3, of the Constitution of 1869: "That one person may hold two or more county offices, if so provided by the Legislature," but for which the Legislature would have been, perforce of what preceded the proviso, without power to enact such a law. It could not have been the intention of the Legislature to authorize the Governor to fill an office not in existence, and the appointment was therefore without color of authority. See Cox v. Railway, supra, and Norton v. Shelby County, 118 U. S., 425. Indeed, Boone himself seems to have so treated it, since he acted as surveyor of Jack land district, and not of Hardeman County, in making locations in Hardeman County.

The validity of appellee's location made in 1874, though irregular, is quite as well established by some of the cases above cited as the invalidity of appellant's.

We therefore adopt the court's conclusions of law and fact, and affirm the judgment.

*Affirmed.*

Writ of error refused.