## THE SAN ANTONIO STREET RAILWAY COMPANY
### v. WILLIAM MUTH.

#### No. 358.

1. **Rules—Assignment of Error—Propositions.**—When an assignment contains more than one point, Rule 30 contemplates that each point should be stated in a distinct proposition; but "the rules were never intended to hedge the Courts of Civil Appeals around with technical and arbitrary requirements, so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts."

2. **Damages—Personal Injury, What Allegation Sufficient.**—It is not necessary to aver with great particularity the specific acts of negligence which caused the injury. Railway v. Bunker, 68 Texas, 502.

3. **Same.**—An allegation that plaintiff's minor child was violently thrown through the window of a car, and thereby was seriously injured, and permanently crippled so as to disable her from performing labor of any kind, is sufficient.

4. **Witness Not Required to Criminate Himself—Privilege Extends to the Witness Only.**—It is the privilege of a witness not to answer a question that will subject him to a criminal prosecution; but the privilege *is his own*, and not that of a party to the suit; and counsel will not be allowed to make the objection.

5. **Services of Physician Not Qualified by Law to Practice, Paid by Parent, Not Recoverable as Damages for Injury to Minor.**—A parent suing for the loss of services of a child from defendant's negligence can recover, as expenses for medical and surgical attendance, only those actually incurred, and the court erred in not permitting the defendant to show that the attending physician was not qualified under the law to practice medicine.

6. **Allowing Improper Evidence Not Reversible Error, When.**—The introduction of hearsay evidence is not reversible error when the case is tried by the judge,

and there is other evidence to support the findings of the court upon the issues to which the testimony complained of relates.

Appeal from Bexar   Tried below before Hon. G. H. Noonan.

*A. W. Houston* and *Perry J. Lewis,* for appellant.

*George C. Altgelt,* for appellee.

Neill, Associate Justice.—This is an appeal from a judgment of $2935, recovered by appellee by reason of injuries inflicted upon his minor child by the negligence of appellant, whereby he lost her services during her minority, and incurred certain expenses, etc. The nature of the case fully appears from the court's conclusions of law and fact.

*Conclusions of Fact.*—The appellant is, and was on the 23rd day of December, 1891, a street railway company, operating its line of railway for carrying passengers over several streets of the city of San Antonio, Texas. On said day plaintiff's daughter, Emma Muth, who was then about 17 years old, entered one of appellant's cars on the corner of Grayson and Pine streets, in the city of San Antonio, and in consideration of the payment of the regular fare, appellant agreed to transport her to the corner of Houston street and Avenue C, in said city. While she was on said car as a passenger, the servant of appellant operating the car, before reaching a curve in the track of the company's railway, negligently applied the full motive power to said car and ran it at a high rate of speed, and made, on approaching said curve (where appellant had negligently failed to provide a guard rail), no effort to check the speed of said car; whereby the car was thrown from the track, and appellee's daughter was thrown from the car through one of the windows thereof with great force and violence upon the street, a distance of ten feet from the car, and was thereby injured, bruised, and wounded. The appellant was guilty of negligence in failing to exercise the degree of care required of a common carrier for the safety of a passenger. That on account of the injuries inflicted upon appellee's daughter by the negligence of appellant, it was necessary for her father to have a surgical operation performed on her. That the operation and medical services were performed by Dr. Kennedy, and were reasonably worth the sum of $600, for which the appellee would be liable if the party performing such services was allowed under the laws of this State to practice medicine and surgery; for which services $161 were voluntarily paid by the appellant. That on account of the injuries so negligently inflicted, nurses were necessarily engaged by appellee to attend his daughter, whose services were rea-

sonably worth the sum of $300; and he incurred on account of said injuries $75 expenses for drugs, etc. That the injuries inflicted upon appellee's daughter were serious and permanent, and of such a nature as to prevent her performing services for her father during her minority, which services were reasonably worth the sum of $1960, which are lost to appellee by reason of appellant's negligence.

*Conclusions of Law.*—Appellant's first assignment of error is as follows:

" The court erred in overruling and not sustaining defendant's special exception to plaintiff's first amended original petition, in this, that plaintiff alleged, ' that when said car approached the aforesaid curve, defendant's servant negligently applied the full power to said car;' because the same states a conclusion of the pleader, and does not state . the facts or circumstances that constitute the negligence complained of, and because said allegation does not state such facts as would cause the application of full power, as alleged, to be negligence; and because the defendant is entitled to the allegation of specific facts which constitute negligence, and should not be held, upon special exception, to answer general allegations stating the conclusions of the pleader; and further, because defendant specially excepted to that portion of plaintiff's petition alleging injuries to plaintiff's minor daughter, in general terms, that she was injured or crippled, without describing the alleged injuries, the allegations being the general conclusions that she was seriously injured and permanently crippled. And defendant is entitled, upon special exceptions, to have the specific character of the injuries set forth, in order that defendant may be prepared with evidence to defend against such specific charges. And further, because defendant specially excepted to that part of plaintiff's petition alleging that a surgical operation had been performed upon the body of plaintiff's minor daughter; because said allegation does not say what surgical operation was performed, nor what part of the body of said minor daughter was operated upon, nor the effect of said operation, nor by whom said operation was performed; and because defendant is entitled to specific allegation as to what the operation was, by whom and upon what part of the body it was performed, and what the effect thereof was. Such general allegations are subject to the special exceptions offered thereto."

In appellant's brief, this assignment is asserted as a proposition. The writer entertains some doubt as to whether this assignment, as presented in the brief, should be considered. The assignment contains three separate and distinct points; and it would seem from Rule 30, prescribed by the Supreme Court for this court, that each of these points should be stated under the assignment in the shape of a proposition. However, "the rules were never intended to hedge the Courts

of Civil Appeals around with technical and arbitrary requirements, so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts." Clarendon Land, I. and A. Co. v. McLelland, 23 S. W. Rep., 1102. The rulings complained of are made sufficiently specific from the assignment of error, and the separate points involved are as apparent from the assignment as they could be made by asserting them under it in the form of distinct propositions. The plaintiff alleged in his petition that the car in which his daughter was riding had a defective brake, and that when the car approached the curve where it was derailed the defendant's servant negligently applied the full power to the car, and by reason of the defective brake was unable to control or check the speed thereof when the car reached the defective track at said curve, and thereby its derailment was caused. An exception was interposed to that part of the petition which states that when the car approached the curve defendant's servant negligently applied the full power to the car, upon the ground that such allegation is a conclusion of the pleader, and does not state the facts or circumstances constituting the negligence complained of, nor such facts as would cause the application of the full power as alleged to be negligence. The correctness of the court's action in overruling this exception is the first point involved in this assignment. The allegation as to the application of the power to the car is one of a specific fact, and not a conclusion of the pleader. As to whether it was an act of negligence depends upon the existence of the other facts alleged in connection with it, and the conclusion reached by the jury, or judge passing upon the facts as a jury, from a consideration of such facts. It was a sufficient allegation to warrant a jury in finding that it was an act of negligence, when considered in connection with the concomitant facts alleged, causing the injury to plaintiff's daughter. And the exception was properly overruled. It is not necessary to aver with great particularity any specific acts of negligence which caused the injury. Railway v. Brinker, 68 Texas, 502. It was charged in plaintiff's petition that his minor child was violently thrown through a window of the car upon the ground, by reason whereof she was seriously injured and permanently crippled, so as to disable her from performing services and labor of any kind. This part of the petition was excepted to, upon the ground that it does not show in what manner the child was injured or crippled, and does not describe the alleged injuries, but merely alleges that she was seriously injured and permanently crippled. From the court's overruling this exception arises the second point included in the first assignment. If through the negligence of another a minor child is "seriously injured and permanently crippled," so as to disable her from performing services and labor, which her father has a right to, he certainly has a cause of action against the party negligently

causing such injury, if not contributed to by either himself or the child, for the loss of the services of such minor.    The question here is one of pleading, and not of evidence.    In the case of Railway v. Adams, 24 Southwestern Reporter, 839, the question upon which the case was decided was as to the admissibility of evidence of specific injuries under the allegation that plaintiff was "wounded, bruised, injured, and hurt permanently," etc.    And it is unnecessary for us to express any opinion as to the correctness of the decision upon that point.

If, however, the opinion in that case should be so construed as to hold that an allegation in a petition, that a passenger is seriously injured and permanently crippled is defective because it does not specifically describe the injury, we should be strongly inclined to doubt its correctness.

The plaintiff's petition alleged, that in consequence of the injuries inflicted on his daughter by the negligence of defendant it became necessary to perform a surgical operation upon her body, to his great expense and damage of $1000.    This allegation was excepted to by defendant, and upon the ground that it does not show what surgical operation was performed, nor what part of said minor was operated upon, nor the effect of such operation, nor by whom the operation was performed.    The exception was overruled, and the correctness of the ruling is the third point embraced in appellant's first assignment of errors.    That the necessity of such operation was occasioned by the injury inflicted upon the girl by defendant's negligence, and the expense occasioned plaintiff by reason thereof, were all that good pleading required him to allege.    He was not required to state his evidence in his pleadings.

Dr. Kennedy, a witness for plaintiff, having testified that he was the physician who attended plaintiff's daughter since the day she was injured, and had performed the operation of removing her ovaries; that his medical services were reasonably worth from $650 to $1000, of which about $300 had been paid, and the balance was still owing, and that he held a diploma from a reputable medical college in the United States, was asked by defendant's counsel if he had submitted to an examination by any board of medical examiners for the State of Texas, and whether he had obtained from such board a certificate of qualification to practice medicine, and whether he had filed such certificate with the district clerk of Bexar County.    The question was objected to by plaintiff's counsel, for the reason that the answer would tend to criminate the witness, and was irrelevant.    The object of the question, as stated by defendant's counsel, was to prove by the witness that he had not submitted to an examination by the board of medical examiners of the Thirty-seventh Judicial District, or any other, and that he had not obtained and filed for record, as required by law, a certificate of his qualifications to practice medicine.    The objection to the

question was sustained by the court, and a bill of exceptions to the ruling reserved by the defendant, and such ruling is complained of in appellant's second assignment of error. It is the privilege of a witness to refuse to answer a question that will tend to expose him to a penal liability, or to any kind of punishment, or to a criminal charge. But the privilege *is his own*, and not that of a party to the suit; and counsel therefore will not be allowed to make the objection. 1 Greenl. on Ev., sec. 451. The objection, that the answer would tend to criminate the witness, was not made by him, but by counsel for plaintiff, and coming from such source, should not have been entertained by the court. But was the evidence irrelevant? If not, the objection should have been overruled. The defendant pleaded specially: "That if plaintiff incurred any expenses for medical and surgical services rendered his minor daughter, he can not recover such expenses, because they were improperly and illegally rendered and performed by a physician who was not authorized by the laws of Texas to practice medicine or surgery, and were rendered in direct violation of the laws of this State, and constituted no valid claim against plaintiff or his minor daughter; and that if plaintiff paid anything for said services, he did so unnecessarily and as a gratuity on his part, and defendant was in no way liable therefor." Revised Statutes, article 3638, provides, that "No person, except those named in the preceding article [who are (1) those who qualified under the Act of May 16, 1873; (2) those who have been regularly engaged in the general practice of medicine in this State for a period of five consecutive years prior to the 1st of January, 1875, and (3) females who follow the practice of midwifery, strictly as such] shall be permitted to practice medicine in any of its branches or departments without first having obtained and recorded a certificate of qualification from some authorized board of medical examiners, as herein before provided; and any person so offending shall be punished as provided in the Penal Code." It appears from Dr. Kennedy's own testimony that he did not come within the exceptions referred to. In Kennedy v. Schultz, 25 Southwestern Reporter, 667, we held, that a person serving as a physician without having the certificate of qualifications referred to in the article quoted, can not recover for such services, upon the ground that such services were performed in violation of law. A parent suing for the loss of services of a child from defendant's negligence can recover, as expenses for medical and surgical attendance, only those actually incurred. Cuming v. Railway, 109 N. Y., 95; 16 N. E. Rep., 65; Hart v. Railway, 33 S. C., 427; 10 L. R. Ann., 794. If it could have been shown, as defendant attempted to prove, that the medical and surgical services rendered plaintiff's daughter were performed in violation of law by a person not qualified to render them, no liability would rest upon the plaintiff for their payment; and if the party rendering such

services could not recover their value from the plaintiff, he should not be permitted to recover it from the defendant, because it is not an expense actually incurred, and to hold defendant liable for it would not be in the nature of compensation, but a gratuity. We are aware that in Klein v. Thompson (19 Ohio State, 571) it was held, that in an action for assault and battery the plaintiff could recover as part of his damages the amount of a surgeon's bill which he incurred for treating his injuries, although before the trial it had been voluntarily paid by the trustee of the township, to whom the plaintiff was under no legal liability to refund the amount. But in that case the services performed were legal, and when rendered, plaintiff was liable for their value, and the discharge of the debt by another did not inure to the benefit of defendant, and the opinion of the court is upon the ground that the plaintiff ought to be allowed to recover from the party whose wrong caused the loss, and thus be placed in possession of the means to enable him to return the money voluntarily, if in conscience he shall see proper to do so. But in this case it was sought to show that no liability for such services was ever incurred by plaintiff; and the testimony sought to be elicited from Dr. Kennedy was relevant and pertinent to the issue, and it was error in the court to refuse to admit it, as well as to refuse to permit the defendant to prove by the district clerk of Bexar County that Dr. Kennedy had not filed for record in his office any certificate of his qualifications to practice medicine from any board of medical examiners, which is complained of in appellant's third assignment of errors. These errors relate solely to appellant's liability to appellee for the physician's bills, which the court below held to be $600, and that $161 of which had been paid by defendant. This would leave a balance on that account of $439. But the payment by the company does not seem to have been credited to it; for according to the findings of fact the full bill of $600 was carried into the judgment, which should not have been done. The errors under these assignments and in the judgment can be cured by appellee's entering a remittitur here of $600.

The fourth, fifth, and sixth assignments of errors complain of the court's admitting, over appellant's objections, certain testimony, which is shown by the bills of exception. All of the testimony complained of was hearsay, and not properly admissible; but as the case was tried by the court without a jury, and there is other evidence amply sufficient to support the findings of the judge upon the issues to which the testimony complained of relates, the judgment should not, on account of such error, be reversed. Smith v. Lee, 82 Texas, 130.

The defendant offered to prove by a witness who went to see the injured girl within a half-hour after she received her injury, that she then conversed intelligently and reasonably with him, and that she told him she was not injured to any great extent and would be all

right in a short time.  It was objected by the plaintiff that her declarations and admission were not admissible, because she was not a party to the suit.  The court sustained the objection, and appended to the defendant's bill of exceptions saving the point the following statement:  "The statement of facts will show that the witness stated all that was said on the occasion referred to, and also the condition of Miss Muth, mentally and otherwise, and said statement of facts is referred to in explanation of this bill.  Referring to the testimony of the witness as contained in the statement of facts, we find that he testified to everything defendant offered to prove by him, except that 'she told him she was not injured to any great extent, and would be all right in a short time.'"  Conceding that the testimony was admissible, which we do not decide, it would be merely the expression of opinion by the injured party as to the extent and permanency of her injuries, which the uncontradicted testimony of all the witnesses, including herself, who knew anything about the character and extent of her injuries, shows was incorrect, and could not in any way have affected the finding of the court upon the issue as to the nature and character of her wounds.  The exclusion of evidence, even when competent, will not necessarily operate a reversal, especially when it appears that the party offering it is not injured thereby.  Payne v. Benham, 16 Texas, 369; Stover v. Garvin, 22 Texas, 13; Nicholson v. Horton, 23 Texas, 51; Morrison v. Loftin, 44 Texas, 22; Beauchamp v. Railway, 56 Texas, 243; Rosenthal, Meyer & Co. v. Middlebrook, 63 Texas, 335; Patton v. Gregory, 21 Texas, 520; Cassin v. La Salle County, 1 Texas Civ. App., 130.

The allegations of negligence causing the injury to appellee's daughter were, a defective track at the point of accident; a defective brake; the application by defendant's servant of the full power to the car, and that the car while in rapid motion left the track.  It was not necessary for the plaintiff to prove all these allegations, and his failure to prove that the car was provided with a defective brake, other allegations of negligence causing the injury being shown, does not preclude his recovery.  Railway v. Hill, 71 Texas, 456.  The substance of the issue was the injury to plaintiff's daughter occasioned by the negligence of the defendant in the derailment of the car upon which she was a passenger.  The fact that the car was derailed was evidence of negligence somewhere.  The averments of the facts that she was a passenger, that the car was derailed, and that the injury resulted in the manner and to the extent stated, were, in a case of this sort, all the allegations required to be made or proved.  It was unnecessary to specify with particularity the facts which were the immediate cause of the accident, or to prove them.  Railway v. Smith, 74 Texas, 276; Railway v. Wilson, 79 Texas, 374.  It is true street railways are not insurers of the safety of their passengers, but they are common

carriers of passengers, with duties and responsibilities similar to those of a railroad company, and are required to exercise the highest degree of care and skill in their transportation, by providing suitable tracks, rolling stock, and appliances, and in the management of their business and movement of their cars. Booth's Street Ry. Law, sec. 324; Railway v. Miller, 79 Texas, 82; Spellman v. Rapid Transit Co., 20 L. R. Ann., 316.

A personal injury from a single wrongful act of negligence is an entirety, and in an action on it recovery may be had for all damages suffered up to the time of the trial, and for all which are shown to be reasonably certain or probable to be suffered in the future. 3 Suth. on Dam., 722. In such an action by a parent, the rule is well established to be compensation for the loss of the minor's future services to the age of twenty-one, and the expenses, such as those for nursing, surgical, and medical attendance, and the increased expense of maintaining the child during minority. 2 Sedg. on Dam., sec. 468; Railway v. Miller, 49 Texas, 332   As to damages for loss of future services, absolute proof of loss of such services is not required; reasonable certainty of such loss and the amount of damages thereby sustained is all that can be shown, and all the law requires. And we think the evidence in this case is sufficient to establish such damages.

The errors complained of in the second and third assignments are, in our opinion, the only ones that are prejudicial to the appellant. These errors, as stated, can be cured by a remittitur; and if the appellee will enter a remittitur of $600 on the judgment, in this court, on or before the 10th day of June, 1894, the judgment of the District Court will be affirmed; otherwise, it will be reversed and the cause remanded.

*Remittitur allowed; otherwise reversed and remanded.*

Delivered May 30, 1894.

Writ of error refused, October 25, 1894.