／ J. S. PHILLIPS AND WIFE v. TEXAS LOAN COMPANY.

Decided June 5, 1901.

1.—Assignment of Error—Exceptions to Pleadings.

An assignment of error to the court's failure to sustain exceptions by one party to the pleadings of the other will not be considered where it does not appear from the record that the exceptions were ever presented to and acted upon by the court below.

2.—Same—Bill of Exceptions Necessary—Evidence.

An assignment of error to the court's refusal to grant a new trial on account of the admission of certain evidence will not be considered in the absence of an objection to its admission shown by bill of exceptions.

3.—Same—Proposition Required.

An assignment of error which is not in itself a proposition, because it asserts a number of separate and distinct propositions, and under which no proposition is made in the brief of counsel, will not be considered.

4.—Opening and Conclusion—Immaterial Error.

Where, under the undisputed facts, defendants could not have possibly de-

feated plaintiffs' right to recover, no injury was done them by the refusal of the trial court to allow them to open and conclude.

5.—Homestead in City—Designation—Estoppel—Homestead Use.

Where defendant obtained a loan of money through mortgage of a part of his city lot, separated by an alley from the part on which his residence was built, by representing to the lender that such offered part was not his homestead, nor claimed or occupied by him as such, and by making and recording a designation of his homestead which did not include such part, he was estopped thereby from asserting, as against rights acquired under the mortgage, any homestead right to such part of the lot, unless, at the time of the loan, he was using and occupying it for homestead purposes in such a manner as would put a reasonably prudent man on notice of the homestead use; and it was not sufficient for that purpose that at and prior to the time of the loan he occasionally had wood piled on that part of the lot, and his carpets cleaned there, and sometimes his horse and cow grazed there, the evidence warranting the conclusion that the alley at that time was open and had a fence along both sides of it.

Error from Dallas. Tried below before Hon. J. J. Eckford.

*D. H. Morrow* and *A. E. Firmin,* for plaintiffs in error.

*Frost, Neblett & Blanding,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by defendant in error against plaintiffs in error in the ordinary form of an action of trespass to try title to recover a parcel of land lying and situated in the city of Dallas and Dallas County, Texas, and being part of block B, of Thomas Field's subdivision of the "Ross Homestead; beginning 86 feet from the north corner of Hoard and Orange streets; thence with the N. E. line of Orange street 129 feet to the intersection of Collin street with Orange street; thence along the S. E. line of Collin street 100 feet to an alley; thence S. E. along said alley 129 feet to a stake; thence S. W. parallel with Hoard street 100 feet to the beginning, being 100x129 feet," and the rents and profits issuing from said land, alleged to be $500 per annum.

Plaintiffs in error, defendants below, answered by a plea of not guilty, and specially that the land in controversy is and was their homestead at the time the deed of trust under which defendant in error claims title thereto was executed by them.

By a supplemental petition, defendant in error denied that the land was the homestead of plaintiffs in error, and, by special plea in which facts were averred which are incorporated in our conclusions of fact, plead that they were estopped from asserting the homestead claim to the premises.

The case was tried before a jury, and the trial resulted in a verdict and judgment in favor of defendant in error, from which judgment this writ is prosecuted.

*Conclusions of Fact.*—On March 28, 1889, plaintiffs in error, who were husband and wife, owned and had owned since the 31st day of March, 1887, the parcel of land shown by the diagram on page 507.

Which is situated in the city of Dallas, Texas, and is a part of block B of Thomas Field's subdivision of the "Ross Homestead," beginning at the south corner of said block B; thence northwestwardly with the northeast line of Orange street 215 feet to the southeast corner of Collins street, the west corner of said block B; thence northeastwardly with

the said line of Collins street 200 feet to the south side of an alley; thence southeastwardly at right angles to said Collins street with the line of said alley 215 feet to the northwest corner of Hord street; thence southwestwardly to the line of said street 210 feet to the place of beginning. The description given is the one contained in the deed under which they held. On and prior to March 28, 1899, their dwelling, in which the family consisting of themselves and one child lived, which was a two-story building, was situated on the west 90 feet of said parcel

of land upon which was also situated their barns, coal and wood shed, and other outhouses appurtenant to their dwelling, as is indicated on the foregoing plat. Ever since that time they have continued to reside on and occupy that part of the land upon which their dwelling, out-houses, etc., are situated, as their homestead. At that time and when the loan, for which they executed the deeds of trust hereinafter de-scribed, was negotiated, the 90 feet upon which they resided was in-closed by a substantial picket fence, which separated it from the remain-ing parts of the land, which includes that in controversy, and is indi-cated by dotted lines. There was then and is an alley between the part of the land upon which they lived and that which is sued for. On the east 100 feet of the block, which does not include the ten-foot alley which separates it from the 90 feet upon which plaintiffs in error have their domicile, there is and was at the time stated another resident building, which was rented out by plaintiffs in error; the part upon which this rented house was situated fronted 86 feet on Orange street, at which distance there was a fence extending back at right angles from said street 100 feet to said alley, which fence separated that part of the ground upon which the rented house is situated from the property sued for, which lays between the alley and Orange street, and is bounded on the north by Collin street. The evidence upon which plaintiffs in error base their claims to this property being a part of their homestead at the time the deed of trust, under which defendant in error claims, was executed, is that from the time they built and commenced to reside on the 90 feet of ground up to the time of the trial of this case, their carpets were occasionally cleaned on it; the boys in the neighborhood sometimes played thereon with their son; sometimes their cow was milked on it; occasionally they had wood piled there which was cut or sawed and thrown therefrom into their yard, and now and then their horse and cow grazed there. They claim that when the deed of trust was executed, the alley between it and their residence property was closed, and that there was only one fence therealong; which was on the side next to their residence. There is evidence, however, which war-rants the conclusion that the alley was open, and had a fence along both sides at that time, and we find in accordance with such evidence. At the time the loan was negotiated and deeds of trust executed to secure it, there was nothing on the land in controversy to indicate that it was a part of plaintiffs in error's homestead, nor were there any visible acts of appropriation thereof for homestead purposes.

On the 27th day of March, 1889, plaintiff in error, J. S. Phillips, applied to defendant in error for a loan of $2200, and offered to secure it by a deed of trust upon the property in controversy. In his applica-tion, which was in writing and sworn to, he stated that the property was not his homestead, nor claimed, used, occupied, or enjoyed by him as such, but that other property situated on Collins street (that upon which his residence is situated) was occupied and claimed by him only as his homestead. And on the 29th day of March, 1889, he made,

signed and acknowledged a written designation of the 90 feet fronting
on Collins street, upon which his dwelling is situated, as his home-
stead, which was filed in the office of the county clerk of Dallas County.
Thereafter, on March 28, 1889, defendant in error, relying upon the
truth of the representations made in said application, and upon said
designation, to secure the loan applied for and the interest thereon,
caused to be drafted two certain deeds of trust, in which W. R. Bright
was designated as trustee, upon the property in controversy. Each of
these instruments contains the following covenant: "That the herein
described property is not our homestead, nor claimed, used, or enjoyed
by us as such, and that we have other property which we occupy and
claim as such," and is signed and acknowledged by both plaintiffs in
error,—the acknowledgment of Mrs. P. B. Phillips being the statutory
one prescribed for married women. After these instruments, contain-
ing said covenant, were signed and acknowledged, the defendant in er-
ror, relying upon the statements made in said covenants, as well as on
the statements made in the application for loan, and said designation
of homestead, and having no notice of any fact which would cause one
of ordinary prudence to believe the property was a homestead, loaned the
plaintiffs in error the sum of money applied for, for which they executed
their bonds and notes, and delivered to defendant in error the deeds of
trust, containing said covenants, securing them.

· The trustee, W. R. Bright, having died, L. M. Dabney was thereafter
duly appointed substitute trustee, and the bonds and notes having, ac-
cording to the terms of the instruments, become due, and being unpaid,
said substitute trustee, by virtue of the power imposed upon him by
said deeds of trust, on the 6th day of July, 1897, sold the property in
controversy to defendant in error, and executed it a deed therefor.
That plaintiffs in error, at the time and before the money was loaned
them by defendant in error, represented to the latter that the property
in controversy was not their homestead or claimed, used or occupied
by them as such, was shown by the uncontroverted testimony, as well
as the fact that defendant in error relied upon such representations.

· *Conclusions of Law.*—1. Those assignments of error which com-
plain of the failure of the court to sustain the exceptions interposed by
plaintiffs in error to the supplemental petition of defendant in error, can
not be considered, for the reason that it does not appear from the record
before us that such exceptions or any of them were ever presented and
acted upon by the court below.

2. As under the law applicable to the undisputed facts of this case
plaintiffs in error could not have possibly defeated the right of defend-
ant in error to recover the premises in controversy, no injury was
done them by the failure of the trial court to allow them to open and
conclude upon the trial. It is unnecessary, therefore, for us to inquire
whether the court below erred in refusing to accord such right claimed
by them.

3. It does not appear from the statement subjoined to the proposition under plaintiffs in error's seventh assignment that any objection made made or exception taken to the introduction in evidence of the written designation of their homestead referred to in our conclusions of fact. In the absence of an objection shown by a bill of exception to such testimony, an assignment of error complaining of the court's refusal to grant a new trial on account of its admission in evidence will not be considered.

4. For the same reason we can not consider the eighth assignment of error.

5. No proposition is made in plaintiffs in error's brief under their ninth assignment. It can not in itself be considered as a proposition, for it asserts a number of separate and distinct propositions. It will, therefore not be considered at all.

6. The reasons we have given for refusing to consider the seventh and ninth assignments of error apply with equal force to the tenth and eleventh assignments.

The second and third paragraphs of the court's charge are as follows: "The undisputed evidence shows that the defendants represented to plaintiff at the time and before the money was loaned by plaintiff to defendants, secured by the deeds of trust in evidence before you, dated March 28, 1889, that the property described in plaintiff's amended petition was not their homestead, nor claimed, used or occupied by them as such; and the evidence further shows that the plaintiff believed and relied upon such representations. You are therefore instructed that by making such representations the defendants are estopped to set up their claim of homestead, unless at the time the said loan was made defendants were actually in possession of and occupying the said land described in plaintiff's amended petition as a home, or were using the same in connection with their home for the comfort and convenience of the family in an open and notorious manner such as to put a reasonably prudent person upon notice that it was being used as a part of the homestead. And in this connection you are instructed, if you find and believe from a preponderance of the evidence that defendants at the time the loan was made were occupying or using said land as hereinbefore in this paragraph of the charge explained, you will find for defendants against plaintiffs for the land; but if you fail so to find, you will find for plaintiff against defendants for the land described in plaintiff's amended petition. (3) If you find and believe from the evidence that at the time defendants procured the loan of money from plaintiffs secured by the deeds of trust in evidence before you, dated March 28, 1889, the use or occupancy of defendants of the land described in plaintiff's amended petition was not inconsistent with the representations made by defendants to plaintiff to procure said loan, you will find for plaintiff against defendants for said land described in plaintiff's amended petition."

In our opinion these paragraphs are fully authorized by the record, and correctly state the law applicable to the evidence developed upon the trial of this case, and are not obnoxious to any of the objections urged in the assignments of error. White v. Dabney, 46 S. W. Rep., 653; Harmsen v. Wesche, 32 S. W. Rep., 192; Howell v. Stephenson, 36 S. W. Rep., 302; Schwartz v. Bank, 67 Texas, 218; Speer, Law of Married Women, 130, and authorities cited in note 11.

. There is no error assigned which authorizes the reversal of the judgment in this case, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.