T. J. FREEMAN, RECEIVER INTERNATIONAL & GREAT NORTHERN R. R.
Co. v. W. W. PUCKETT.

Decided May 19, 1909.

**1.—Carriers of Passengers—Pleading—Evidence.**

Under an allegation that a passenger was carried by her destination without being afforded time to alight, evidence that she was compelled to pass through several coaches in attempting to do so because the vestibule doors were closed was admissible without being specially alleged.

**2.—Passenger—Carrying beyond Station—Evidence.**

In an action for damages for carrying a passenger beyond a station, evidence of the surroundings at the point where the train was stopped and she disembarked was admissible.

**3.—Evidence—Contingent Fee.**

It was not permissible to ask the plaintiff suing for damages as to whether her attorneys were prosecuting the suit for a contingent fee.

**4.—Judge—Jury—Comment on Evidence.**

Remarks of the court on the admissibility of evidence in response to an inquiry addressed by appellant's counsel held no invasion of the province of the jury.

**5.—Requested Charge.**

The court properly refused to consider requested instructions not called to its attention until after verdict.

**6.—Assignments of Error.**

Distinct assignments of error, one relating to the measure of damages, the other as to the element of damages to be considered, can not be grouped and treated together in the brief.

**7.—Passenger—Carrying past Station—Damages—Proximate Cause.**

A passenger can not be denied recovery for injuries received in returning to the station of her destination because she voluntarily left the train at a point beyond same, where the carrier refused to back the train to the station and offered no other alternative but to be carried to the next station. Requested instructions on this subject held properly refused.

**8.—Question of Fact.**

Whether a railway wrongfully carrying a passenger beyond destination was excused for failing to back the train to the station just left by reason of danger of collision with a following section was a question of fact.

**9.—Charge—Weight of Evidence.**

Requested instructions which are upon the weight of evidence are properly refused.

**10.—Contributory Negligence—Pleading—Evidence.**

A requested charge relieving a railway from liability for damages incurred by a passenger leaving the train at a point beyond the station, if the injury could have been avoided by going to the next station and returning on the train therefrom, were properly refused where there was no pleading or evidence raising the issue of contributory negligence in so doing.

Appeal from the County Court of Hays County. Tried below before Hon. Ed. R. Kone.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*King & Morris,* of counsel), for appellant.

*Will G. Barber,* for appellee.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages alleged to have been sustained by his wife on the 26th of April, 1907, while she was a passenger on one of appellant's trains from San Antonio to Buda, on account of the alleged failure of appellant to stop its train at said last-named station a reasonable length of time for her to alight therefrom, by reason of which she was carried some distance from said depot, and required to alight from said train in the night-time, and suffered the injuries complained of in undertaking to return to said station.

Defendant answered by general denial and by special plea to the effect that said train upon which plaintiff's wife was a passenger was held sufficiently long at Buda for her and other passengers to alight, and but for her failure to exercise ordinary care in attempting to leave said train she would not have been carried past said station; that the train was stopped at her suggestion and she voluntarily alighted therefrom, and if damage was suffered the same was directly occasioned by said act, and by her attempting to walk back to the station over the track, when she knew there was a well-traveled public road running parallel with said track back to the station.

There was a jury trial which resulted in a verdict and judgment for appellee in the sum of $300, from which judgment this appeal is prosecuted.

There was no error on the part of the court in refusing to give a peremptory instruction as requested by appellant, because the evidence

not only warranted but demanded a submission of the issues involved to the jury.

It is urged that the court erred in permitting Mrs. Puckett to testify that the platforms of the several coaches from which she attempted to alight were closed and dark, whereby she was prevented from alighting before the train started, because it is insisted that there were no pleadings authorizing same, and that this action was predicated solely upon the alleged failure of the defendant to hold the train at said station a reasonably sufficient time for plaintiff's wife, in the exercise of ordinary diligence, to debark therefrom, and not on the ground that the means of egress was not afforded her. We think the allegations in the petition justified the admission of this evidence. It was alleged therein that upon the arrival of the train at Buda she arose and proceeded promptly in her undertaking to alight from the train, and before she could do so it had proceeded towards Austin; and a further allegation is made that the train did not stop a reasonably sufficient length of time to allow her to alight therefrom under the circumstances then and there existing and surrounding her. And in the supplemental petition it is further alleged that she had to walk through a number of coaches before she could reach a point where she could alight. The evidence shows that the train consisted of eight passenger coaches, and that she was riding either in the rear coach or in the coach next to it. Certainly it was permissible for the plaintiff to show that she made an effort to alight, and if in doing so she found the vestibule doors to the first coaches closed and not lighted, she had the perfect right to continue through the coaches until she found one that was open, and which would afford her an opportunity to get off, and to show that while attempting to do so the train started. We therefore overrule this objection.

We can see no error in the court's having permitted the plaintiff to state the condition of the gravel pit, and the number of tracks entering it. Plaintiff's wife having been put off the train at this point, it was competent to show the conditions surrounding the place.

The court properly sustained plaintiff's objection to the right of defendant's counsel to have Mrs. Puckett state whether or not the suit had been brought by plaintiff's attorney upon a contingent fee. We fail to see the relevancy of this evidence.

We overrule the fifth assignment, complaining that the court erred in commenting upon the weight of the evidence in the presence of the jury, because we believe that the remarks of the court were in response to an inquiry addressed to it by appellant's counsel, and that the same was in no sense a comment upon the weight of the evidence.

Appellant complains by its sixth assignment that the court erred in ignoring two of its special charges. It appears from the bill that these charges were not called to the attention of the court until after the verdict, for which reason the court states that he refused to consider them, which we deem a sufficient answer to this complaint.

By the ninth and tenth assignments submitted together as propositions, it is insisted that "the court erred in the first portion of the fifth paragraph of its charge in attempting to state the measure of damages, because the same is an incorrect and erroneous statement as

to the measure of damages. The court erred in the latter part of the fifth paragraph of its charge, because the same is an incorrect and erroneous statement as to the elements of damage the jury would be entitled to consider, and also because there was no evidence that the plaintiff was entitled to recover for any physical injury sustained by his wife as the result of defendant's negligence."

It will be observed that these assignments complain of separate and distinct matters, *the first as to the charge upon the measure of damages, and the second, that the jury were allowed to consider elements of damages that were not sustained by the evidence.* Appellee objects to the consideration of these assignments, because they are too general in their nature, not within themselves propositions, nor are they followed up by propositions, and that the two assignments are not entitled to be considered together. In Cammack v. Rogers, 96 Texas, 457, where the exact question here involved was considered on certified question by the Supreme Court, it was held that an assignment of errors is insufficient which complains of two separate and distinct rulings of the court below, and that this is true, notwithstanding the fact that it may be followed up by appropriate propositions and statements thereunder. In view of this decision and the objection urged against the consideration of the questions attempted to be raised by these assignments, we are inclined to hold that the same are not so presented as to require further consideration at our hands.

Special charges Nos. 2 and 6, which are the subject of complaint in the twelfth and thirteenth assignments of error, in our judgment should have been refused, because these charges wholly ignored two phases of the case as made by the evidence: First, as to whether or not the alleged negligence of appellant in failing to stop a reasonable length of time for plaintiff's wife to alight was the cause of her being carried beyond the station; and second, as to whether the alleged failure of appellant's servants to return to the station at the request of plaintiff's wife was such negligence, under the circumstances, as resulted in her injuries. If the principle contended for is abstractly correct, in the absence of evidence showing or tending to show negligence on the part of the company whereby the passenger is carried beyond his station, still, as applicable to the present case, these charges, in our judgment, were insufficient in not incorporating these two phases of the law as made by the evidence. We think where a carrier has, by reason of its failure to stop a reasonable length of time, carried a passenger beyond his station, and where, upon request, it negligently fails to return him to the station, it can not be allowed to defend against an action brought for injuries thereby occasioned, notwithstanding the fact that the passenger, on account of its negligence, may have voluntarily left the train with a view of returning to the station. In Hutchinson on Carriers, vol. 2, sec. 1126, it is said:

"Carriers must be equally careful not to pass beyond the alighting platform or station, and thus to require or make it necessary for the passenger to alight without returning to it. When this has been done it is a breach of the carrier's contract, and the passenger may demand a return to the station or platform before leaving the train, and if the

servant of the company in charge, without sufficient excuse, refuse to return with him, but leaves him to get back by other means, the passenger will be entitled to an action and to the recovery of such damages as proximately result from the tortious refusal of the carrier to return.   But it has been held that if in such a case there should be no demand to be taken back, or refusal to do so, and no attending circumstances of aggravation, and the passenger voluntarily leaves the car, all that the passenger could rightfully claim would be compensation for the inconvenience to which he had been put. . . . And where the passenger is required, either expressly or impliedly, to leave the car without assistance and to find his way unaided back to the station, during which time he receives injury, the carrier is liable.   This is held to be true, even though the passenger is carried upon a freight train.   Much less does the carrier discharge his duty where he puts the passenger off away from the depot at night in a strange place, and requires him thence to return to the place at which he should have been discharged.   It is not necessary that actual force should be used in expelling the passenger. · For the purpose of this rule he is required to get off when the alternative is presented of getting off there or being carried to the next station.   All this implies, however, that the passenger has been carried past his station without his fault."   See, also, Galveston, H. & H. Ry. Co. v. Crispi, 73 Texas, 236, and other authorities cited in support of the text.

Special charge No. 4, refusal of which is assigned as error by the fourteenth assignment, was properly refused, for the reason that it directed the jury, as matter of law, that appellant was excused from backing its train to the station when requested to do so by plaintiff's wife, if another section of the same train was following, which rendered it dangerous to do so.   If this should have been presented at all to the jury, it should have been presented as a matter of fact and not one of law.

Special charge No. 12, refusal of which is made the ground of appellant's fifteenth assignment, was upon the weight of evidence and was properly refused.

By its eighteenth assignment appellant urges that the court erred in refusing to give special charge No. 15, which, in effect, told the jury that if they believed plaintiff's wife could have avoided the inconvenience and injuries suffered by going to the next station and being returned to Buda on the next train, then to find for the defendant. This charge was properly refused, because there was no pleading of contributory negligence in this respect authorizing it; and further, because if there had been there was no evidence raising the issue.

There is, in our opinion, no merit in the remaining assignments, and they are all overruled.

Finding no reversible error in the judgment of the court below, the same is affirmed.

*Affirmed.*