## HEMPHILL v. NATIONAL IRON & STEEL CO.

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1911. On Rehearing, Jan. 24, 1912.)

1. APPEAL AND ERROR (§ 750*) — ASSIGNMENTS OF ERROR—GENERAL OR SPECIFIC.

The only error assigned was "that the trial court erred in overruling defendant's amended motion for new trial, and not granting him a new trial for the reasons therein set forth." The grounds set forth in the amended motion for new trial were, first, that the court erred in overruling the appellant's plea of privilege to be sued in H. county; second, that the court erred in overruling the appellant's plea to the jurisdiction over the subject-matter; and third, that the court erred in overruling defendant's application for a continuance. Held, that the assignment was too general to require consideration of the first and third grounds stated in the motion for new trial, but that the second ground urged, being fundamental error, would be considered by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

### On Rehearing.

2. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Under rule 30 (67 S. W. xvi) for the Court of Civil Appeals, providing that each point under an assignment shall be stated as a proposition, unless the assignment itself discloses the point, where there are several points raised by an assignment, each point must be separately stated in the form of a proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where an assignment raises more than one distinct proposition, it is not permissible to treat the assignment itself as a proposition raising all of the questions suggested, but these questions must be submitted as distinct propositions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

An assignment of error containing within itself a correct proposition of law is insufficient where it is necessary to refer to the motion for new trial to ascertain the points raised by the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Even if it is permissible in an assignment of error to refer to the motion for new trial for the points raised, if the motion presents several distinct grounds or points, the assignment must be disregarded as being multifarious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

A portion of appellant's brief covering two typewritten pages, and headed "First Proposition under First Assignment of Error," but containing nothing except argument directed against the action of the trial court in overruling a motion for continuance, is in no sense a proposition under an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. APPEAL AND ERROR (§ 736*) — ASSIGNMENTS OF ERROR—DISTINCT QUESTIONS.

A single assignment of error may raise many distinct and separate propositions, provided the propositions following the assignment are separately stated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by the National Iron & Steel Company against M. R. Hemphill. From a judgment for plaintiff, defendant appeals. Affirmed.

Baldwin & Taylor, for appellant. Sam Schwartz, for appellee.

HIGGINS, J. [1] The only assignment of error in the record in this case presented for our consideration is as follows: "The trial court erred in overruling defendant's amended motion for new trial, and not granting him a new trial for the reasons therein set forth." Upon examination of the amended motion, we find that three grounds were urged, viz.: First, that the court erred in overruling the appellant's plea of privilege to be sued in the district court of Haskell county; second, the court erred in overruling the appellant's plea to the jurisdiction of the district court of Harris county over the subject-matter of the suit; third, the court erred in overruling the defendant's application for a continuance. This assignment is too general to require consideration of the first and third grounds stated in the motion for new trial. The second ground urged, however, if well taken, would be fundamental error, and we have therefore examined the record for the purpose of ascertaining whether or not the district court of Harris county had jurisdiction over the subject-matter of this suit; and, it appearing that it did have jurisdiction thereof, the case is therefore affirmed.

### On Rehearing.

In our original opinion we held that the appellant's assignment of error was too general to require consideration of any of the questions raised thereby, except one, which was fundamental in its nature.

Appellant in his motion for a rehearing earnestly urges that we erred in declining to consider the assignment, and, lest we should do an injustice by declining to do so, we have carefully considered and reinvestigated the correctness of our original opinion, and are confirmed in the correctness thereof.

[2] Rule 30 (67 S. W. xvi) for the Courts of Civil Appeals provides that each point

under an assignment shall be stated as a proposition, unless the assignment itself discloses the point, in which event the assignment itself shall be sufficient, but, where there are several points raised by an assignment, the rule contemplates that each point shall be subjoined to the assignment in the form of a proposition. Railway Co. v. Muth, 7 Tex. Civ. App. 443, 27 S. W. 752. The rules require the propositions to be stated separately, and an assignment is multifarious as a proposition if it embodies several propositions. Driver v. Wilson, 68 S. W. 290.

[3] And, where an assignment raises more than one distinct proposition, it is not permissible to treat the assignment itself as a proposition raising all of the questions suggested therein, but these questions must be submitted as distinct propositions. Railway Co. v. White, 120 S. W. 958; Railway Co. v. Quebedeaux, 119 S. W. 1158; Railway Co. v. De Berry, 34 Tex. Civ. App. 180, 78 S. W. 736; Mundine v. Pauls, 28 Tex. Civ. App. 46, 66 S. W. 254; Phillips v. Texas Loan Agency, 26 Tex. Civ. App. 505, 63 S. W. 1080; Kidwell v. Carson, 22 S. W. 534. It is also held that an assignment of error which complains of two rulings of the trial court which relate to separate and distinct questions, although followed by appropriate propositions and statements, explaining each of the questions raised and rulings complained of, is insufficient and cannot be aided and explained by the subjoined propositions and statements, although the court, in the exercise of a sound discretion, may consider and pass upon the same, though it is not required to do so. Whether or not the court should do so is a question to be determined under all the circumstances. Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795; Freeman v. Puckett, 120 S. W. 514. It is also held that a multifarious proposition should not be considered, although subjoined to a proper assignment of error. McAllen v. Raphael, 96 S. W. 760; De Hoyes v. Railway Co., 52 Tex. Civ. App. 543, 115 S. W. 75.

[4] In the instant case appellant submitted his assignment of error as containing within itself a correct proposition 'of law, and, in order to ascertain the points raised by the assignment, we must refer to the motion for new trial. This is not proper. Railway Co. v. Branch, 56 S. W. 542.

[5] However, when we refer to the motion for a new trial to ascertain the points raised thereby, we find several distinct grounds urged, and, if the assignment could properly be treated as disclosing the points, then it must be disregarded because it raises more than one question and is subject to the objection that it is multifarious.

[6] It is true that on page 4 of the brief the appellant, after having previously submitted his assignment as a proposition, has what he styles "First Proposition under First Assignment of Error." Under this heading, and covering two typewritten pages, follows what is in no sense of the word a proposition, and it cannot be considered in any other light except an argument directed against the action of the trial court in overruling the motion for a continuance because of the surprise of counsel that his client was not in attendance for the trial. We are therefore clearly of the opinion that the assignment is objectionable, both as an assignment of error and as a proposition, and, under all of the circumstances, should not be considered because it is too general, and is multifarious.

[7] We do not desire to be understood as holding that various and distinct questions cannot be raised by an assignment of error, because it is clear that an assignment can raise many distinct and separate propositions, but in such case these propositions so raised by a single assignment must be brought to the attention of the court by separate and distinct propositions and statements under the assignment.

The motion for rehearing is overruled.