**BRAZELTON LUMBER CO. v. -ROBERTS et al. (No. 10135.)**

(Court of Civil Appeals of Texas. Fort Worth. March 17, 1923. Rehearing Denied May 5, 1923.)

1. **Appeal and error** ⊜⟹544(1)—**Error not shown by bill of exception not considered unless fundamental.**

The Court of Civil Appeals cannot consider any except fundamental error, unless shown by a bill of exceptions filed in the·trial court, authenticated by the trial judge, and· incorporated in the transcript, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 2063, 2064,

2109–2114, or otherwise shown in the transcript.

2. **Appeal and error** ⊜⟹544(1)—**Error in admitting or excluding testimony not considered, in absence of bills of exceptions.**

Error in admitting or excluding testimony cannot be considered, in the absence of proper bills of exception in the transcript, unless fundamental.

3. **Appeal and error** ⊜⟹727—**Improper argument not shown in assignment· not considered.**

Improper argument by counsel cannot be considered, where the assignment of error does not show the nature of the remarks, but merely refers to bills of exceptions therefor.

4. **Sales** ⊜⟹53(1)—**Whether seller delivered bill to defendant for his own account or for codefendant held for jury.**

Whether plaintiff delivered a bill sued on to defendant on his own account or for his codefendant, relying on the latter's instructions for payment, *held* for the jury on conflicting evidence.

On Motion for Rehearing.

5. **Appeal and error** ⊜⟹722(1)—**Appellant or plaintiff in error cannot present in brief assignments of error not included in transcript, unless fundamental or occurring after final judgment.**

Under rule 101 (159 S. W. xi), appellant or plaintiff in error cannot present in his brief assignments of error not included in the transcript, unless fundamental or occurring after final judgment.

6. **Appeal and error** ⊜⟹745—**Assignments not filed in court below and brought up in record accompanied by clerk's certificate not considered.**

Assignments of error not filed in the court below and brought up in the record, accompanied by the clerk's certificate, as required by rules 22, 23 (142 S. W. xii), will be stricken out and not considered, unless they show fundamental error.

Appeal from District Court, Haskell County; W. R. Chapman,· Judge.

Action by the Brazelton Lumber Company against H. C. Roberts and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Smith & Grissom, of Haskell, for appellant.

Murchison & Davis and Theodore Mack, all of Haskell, for appellees.

BUCK, J. Appellants filed in this court the transcript and statement of facts on March 8, 1922. In the transcript are no bills of exception. On February 3, 1923, appellant filed in this court certain papers and documents which it claims are the bills of exception preserved in the trial court. These documents are signed by "W. R. Chapman, Judge of Thirty-Ninth Judicial District,

presiding." They are not certified by the clerk of the court under seal, as required by law, nor are they agreed to by the attorneys for the appellees, nor does it appear that they were ever presented to such attorneys.

Article 2109, V. S. Tex. Civ. Statutes, provides:

"The transcript shall, except in the cases hereinafter provided, contain a full and correct copy of all the proceedings had in the cause."

Article 2113 is as follows:

"The transcript shall, in all cases, contain a copy of the final judgment, notice of appeal, petition for writ of error and. citation in error, with return of service thereon, bond on appeal or writ of error, or affidavit in lieu thereof, and assignments of errors or such of them as there may be, and also a copy from the fee book of all the costs that have accrued in the cause."

Article 2114 provides:

"The clerk shall certify to the correctness of the transcript, and sign the same officially with the seal of the court attached. Such certificate shall state whether the same be a transcript of all the proceedings in the cause, or the transcript provided for in articles 2110, 2111 and 2112."

Article 2063 provides:

"It shall be the duty of the party taking any bill of exception to reduce the same to writing, and present the same to the judge for his allowance and signature."

Article 2064 provides:

"It shall be the duty of the judge to submit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay and filed with the clerk."

[1-3] This court is not authorized to consider any alleged error in the court below, except fundamental error, or where a ruling complained of is otherwise shown in the transcript, unless a bill of exception showing such error be filed in the trial court, authenticated by the trial judge, and incorporated in the transcript. M., K. & T. Ry. Co. v. Churchill (Tex. Com. App.) 212 S. W. 155, and (Tex. Com. App.) 213 S. W. 253, by the Commission of Appeals, and adopted by the Supreme Court; Pierce Fordyce Oil Ass'n v. Woods (Tex. Civ. App.) 180 S. W. 1181, writ denied. None of the assignments contained in appellants' brief, in our judgment, present fundamental error. Assignments 2, 3, 4, and 5 urge error in the admission or exclusion of certain testimony. We cannot consider these assignments, in the absence of proper bills of exceptions in the transcript. Spurlock v. Sullivan, 36 Tex. 511; Phillips v. Texas Loan Co., 26 Tex. Civ. App. 505, 63 S. W. 1080, writ denied. Other

assignments are predicated on alleged improper argument by opposing counsel. The nature of the remarks are not shown in the assignment, but a mere reference to the bills of exceptions is made. Under such circumstances, we cannot consider the assignments. Jones v. Smith, 21 Tex. Civ. App. 440, 52 S. W. 561, writ denied. ·

[4] Other assignments are directed to the submission of the following issues of fact:

"Issue No. 2. Did Brazelton Lumber Company deliver the bill of lumber sued upon to defendant Roberts and his employés for defendant Scott?" Answer: "No."

"Issue No. 3. If you answer special issue No. 1 in the affirmative, then did Brazelton Lumber Company, in delivering the bill of lumber sued on, rely on the instructions, if any, of defendant Scott, for the payment of same?" No answer.

"Issue No. 4. Did the Brazelton Lumber Company sell the bill of lumber sued on to defendant Roberts for and on his. own account?" Answer: "Yes."

The grounds for the objections to the submission of these issues are set out in the transcript. Appellant claims that the uncontradicted evidence shows that the appellant sold the lumber for which recovery is sought to the appellee Scott, and not to his agent and tenant, H. C. Roberts. L. R. Gamble, manager of the appellant company at the time the lumber was sold, testified:

"As to who H. C. Roberts was getting the lumber for, he was getting the lumber for S. W. Scott. I do not know where H. C. Roberts is now. I do not know whether he is alive or dead. * * * S. W. Scott instructed me to furnish his tenants in Haskell county, during the year 1921, material for the erection of improvements on his places in said county, and I think Mr. Whitlow, the bookkeeper for the Brazelton Lumber Company, was present when S. W. Scott instructed me to furnish material to men on his places. I did furnish the material for the erection of the Scott ranchhouse on S. W. Scott's ranch in 1921. Mr. Scott came to the office of the Brazelton Lumber Company in Haskell before the material for said ranchhouse was furnished by me and inquired concerning the price of lumber and material, and told me that he was going to make improvements on his places; that if any of the men on his places came in for material he wanted me to let them have it and he would pay the bill; that he wanted me to give them the best prices. * * * As manager for plaintiff in the year 1921, I sold S. W. Scott a bill of lumber in 1921, through one of his men on one of his places, H. C. Roberts, who got the lumber for Scott, and I furnished it in accordance with Scott's instructions."

In appellants' brief they quote certain excluded testimony further supporting the contention that the plaintiff below sold the material to Scott, and not to Roberts, but we cannot consider said excluded testimony, in the absence of bills of exception relating thereto.

On the other hand, it was shown that the lumber was charged on the books of plaintiff to H. C. Roberts, and that a materialman's lien sworn by F. M. Squires, manager for plaintiff company, on August 4, 1921, was filed August 5th thereafter, and that in said instrument it was asserted that the lumber had been sold to H. C. Roberts. Subsequently, on August 13th, another materialman's lien was filed, showing that the lumber was sold on account of H. C. Roberts and S. W. Scott. S. W. Scott testified that he made an arrangement with H. C. Roberts to replace the ranchhouse, which had been burned, and that by the terms of said arrangement it was agreed that Roberts was to pay for the lumber; that the latter tried to get him to pay for the carpenters, and that he finally agreed to do so; that he agreed with Roberts to credit him on his rental account for the amount of the lumber furnished him; that Roberts owed him a considerable amount of money. He denied that he had ever told Gamble to let any of his men have any material they wanted and charge it to him; that he never authorized the appellant company to sell lumber on his credit, unless he had figured the bill; that he never authorized H. C. Roberts to go to the Brazelton Lumber Company and buy lumber for him to build the house; that he never authorized any one to do it. There was introduced in evidence the following letter:

"Haskell, Tex., July 16, 1921.

"Mr. S. W. Scott, San Antonio, Tex.—Dear Sir: We have an account of $1,865.00 against Mr. H. C. Roberts for material furnished him for buildings and repairs and other improvements, all of which was placed on your land; while we appreciate the fact that you are hurt financially by Mr. Roberts, we feel that you should pay us for our material or at least allow us to remove same from your premises that we may realize something out of it. Hoping to hear from you at your earliest convenience or better still to call at our office and talk the matter over with us and see if we can make some kind of settlement. Thanking you in advance for this favor, we beg to remain

"Yours very truly,
"Brazelton Lumber Company,
"By F. M. Squires."

Scott further testified as follows:

"It is not a fact that I told him (Gamble) at that time that I was going to make some improvements on my places and that if any of my men came in after lumber to let them have it. I never gave them any such a blanket order as that."

There was also introduced a letter from H. C. Roberts to S. W. Scott, at San Antonio, Tex., dated Throckmorton, Tex., 1921, as follows:

"Just a few lines to let you know I expect to start work on the ranchhouse possibly by the first of next week, the weather permitting. I will arrange for the lumber with Brazelton Lbr. Co. I will have the carpenters make out their bill and send to you and you can send check direct to them.

"Trusting this will be all right, I am yours truly."

Under this conflict of evidence, we think that the issues submitted presented questions of fact for the jury to decide. These assignments are overruled.

We do not think any fundamental error is shown, and all assignments are overruled, and the judgment is affirmed.

On Motion for Rehearing.

It appears we were in error as to the date on which appellants claimed assignments of error were filed in this court. They were filed March 8, 1922, instead of February 3, 1923, as stated in our original opinion. The error was caused through the mistake of the writer in looking to the file date of appellant's brief. One of its briefs was with its assignments of error, and being of the same general appearance as the assignments, we thought it was an assignment of error, and took the file mark of the brief as the file mark of the assignment. However, in disposing of the appeal on original hearing, we did not refuse to consider the assignments of error because they were not filed in due time, but because they were not included in the transcript, and for other reasons mentioned in our original opinion.

[5] But appellant urges that under rule 101 (159 S. W. xi.), prepared by the Supreme Court for the guidance of district and county courts, the assignments of error need not be included in the transcript. The rule is as follows:

"The appellant or plaintiff in error shall file his assignments of error in the trial court as provided by article 1612 of the Revised Civil Statutes of 1911, as amended by chapter 136 of the Acts of the Thirty-Third Legislature, and the appellee or defendant in error may file cross-assignments with the clerk of the trial court, which assignments may be incorporated in his brief and need not be copied in the transcript; provided, that assignments of error or cross-assignments relating to any ruling or action of the trial court or trial judge which occurs subsequently to the rendition of a final judgment in the case may be incorporated in the brief filed in the Court of Civil Appeals without being included in the transcript."

It will be noted it is only as alleged errors occurring after final judgment that the appellant or plaintiff in error is allowed to present assignments of error in his brief not included in the transcript, except, of course, assignments presenting fundamental error. Under the rule it appears that the appellee or defendant in error may file cross-assignments with the clerk of the trial court which need not be copied in the record (Yates v. Watson [Tex. Civ. App.] 187 S. W. 548, affirmed as reformed [Tex. Com. App.] 221 S. W. 966), but not so as to the appellant, except as to error occurring subsequent to final

judgment. Newman v. Satterwhite (Tex. Civ. App.) 118 S. W. 1145, says:

"The statute requires that the appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office. That statute is mandatory, and, while it is usual and proper to incorporate the assignments in and make them a part of the record, still, in the absence of objections, assignments of error, properly filed in the lower court, and accompanied by the proper certificate, might be considered on appeal. McAfee v. Wheelis, 1 Posey, Unrep. Cas. 65."

[6] But the assignments tendered in the instant case are not accompanied by the certificate of the clerk. Rules 22 and 23 (142 S. W. xii) for the observance of the Courts of Civil Appeals (Smoot's Harris' Rules of the Courts 1921), provide:

Rule 22: "A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

Rule 23: "Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court."

Unless showing fundamental error, an assignment which is not filed in the court below and brought up in the record will stricken out and not considered. Rector v. Bank & Trust Co. (Tex. Civ. App.) 180 S. W. 309; Overton v. Colored Knights of Pythias (Tex. Civ. App.) 163 S. W. 1053.

We have given appellant's motion the most careful consideration, but believe the same should be overruled; and it is accordingly so ordered.