Houston & Texas Central Railway Company et al. v
A. A. De Berry et al.

Decided January 6, 1904.

**1.—Survey—Land District.**
   The district surveyor of Jack County was not authorized to make surveys in Hardeman County, in 1872,—Jack County, at that time, being attached to Montague land district.

**2.—Location and Survey—Filing Certificate.**
   In a location and survey governed by article 4573, Paschal's Digest, it was not necessary that the certificate be filed in the office of the surveyor, as was required by the subsequent law as contained in articles 3894-3896, Revised Statutes of 1879.

**3.—Survey—Procuring Copies of Previous Field Notes.**
   A location and survey in Jack County was not invalid because such county had not then had its boundaries legally surveyed and established nor the surveyor procured copies of previous surveys and maps as required by the Acts of March 20, 1848, and of January 26, 1858.

**4.—Evidence—Judgment—Land Office Copy.**
   A judgment recovering title to a land certificate may be proved by a certified copy from the General Land Office of a certified copy of such judgment there filed as evidence of title, on proof of the destruction by fire of the original record of judgment, and testimony by the plaintiff therein and his attorney as to the substantial accuracy of the copy.

**5.—Judgment—Unknown Heirs.**
   Judgment for title to a land certificate held to be a recovery against the unknown heirs of the original grantee.

**6.—Same—Collateral Attack.**
   A judgment against unknown heirs, on service by publication, is not subject to collateral attack for defects in the affidavit for publication, nor for failure to appoint an attorney to represent defendants, nor to show in what paper publication was made, nor to show that the land certificates, the subject of litigation were in the possession of any one bringing them within the jurisdiction of the court.

**7.—Certificate Issued to Heirs—Judgment.**
   Where certificate for land issued to the heirs of a soldier killed at Goliad, a recovery of judgment for the certificate in a suit against his unknown heirs showed title to same without proof of his death or of heirship.

**8.—Assignment of Error.**
   An assignment of error presenting two questions not submitted by separate propositions, does not require consideration.

**9.—Res Inter Alios.**
   Evidence that some one had filed in the General Land Office a power of attorney from one claiming to be the heir of the original grantee of a certificate had no bearing on the question of the validity of title claimed under judgment against the unknown heirs of such grantee.

Appeal from the District Court of Travis. Tried below before Hon. George Calhoun.

*Cobbs & Hildebrand,* for appellants.

*West & Cochran* and *E. Cartledge,* for appellees.

STREETMAN, Associate Justice.—Appellees brought this suit in the form of trespass to try title against the Houston & Texas Central Railroad Company, Chas. Dillingham and F. P. Olcott, to recover a tract of 1920 acres of land, known as the John M. Seaton survey, now in

Foard County, but formerly situated in Hardeman County, Texas. The case was tried on change of venue to the District Court of Travis County, Texas, and appellees obtained judgment for the land sued for, from which said defendants have prosecuted this appeal.

The appellees derive their title through the heirs of John M. Seaton, and claim under a location and survey made under bounty certificate No. 3, issued to the heirs of John M. Seaton April 30, 1846. Appellants claim by virtue of a patent based upon a location and survey of two land certificates, issued by the State to the Houston & Texas Central Railroad Company.

The contention of appellees, which was sustained by the trial court, is that the survey under which appellants claim was invalid because not made by the proper officer. The facts with reference to said survey and the location of the certificates of appellants, and also that under which appellees claim, were agreed upon in the trial court, and we do not deem it necessary to set out said facts in full in this opinion.

The surveys under which appellants claim were made September 25, 1872, by J. H. Denken, deputy surveyor of Jack land district, whose field notes were approved by E. Boone, district surveyor of said district. The survey under which appellees claim was made by virtue of a duplicate certificate issued in lieu of the bounty warrant certificate No. 3 above mentioned, by W. A. Benson, district surveyor of Jack land district, by W. S. Mabry, his duly appointed special deputy, on November 14, 1874.

Appellant's first and second assignments of error complain of the holding of the trial court to the effect that the location of appellant's certificates, as above stated, was invalid, because of the want of authority in the officer who made said surveys. Appellants have presented under these assignments a lengthy and able argument in support of their contention, but we do not discover in the record any facts which distinguish this case from those in which the validity of surveys made by these officers have been heretofore passed upon by our courts. The following cases have, directly or indirectly, disposed of all the contentions made by appellants, and we do not believe that it would serve any good purpose to discuss these questions further at this time: Cox v. Railway Co., 68 Texas 226; Olcott v. Smith, 70 S. W. Rep., 343; Houston & T. C. Ry. Co. v. Carter, 24 S. W. Rep., 1104; Marsalis v. Creager, 2 Texas Civ. App., 368; Kimmarle v. Houston & T. C. Ry. Co., 76 Texas, 686; Blum v. Railway Co., 10 Texas Civ. App., 312; Houston & T. C. Ry. Co. v. Bowie Heirs, 2 Texas Civ. App., 437; Duren v. Houston & T. C. Ry. Co., 86 Texas, 291.

The effect of the foregoing decisions is that the district surveyor of Jack County was not authorized to make the surveys in Hardeman County under which appellants claim, in 1872, because said county was at that time attached to the Montague land district.

The third and fourth assignments of error attack the validity of appellees' location, on the ground that the certificate under which said

locations were made was never filed with the district surveyor of the Jack land district, and that no entry was made of said certificate.

This does not seem to have been a positive requirement of the statute at the time these locations were made. Articles 3894, 3895 and 3896 of the Revised Statutes of 1879 contain a positive provision requiring the certificate to be filed, together with the entry or application, in the office of the county or district surveyor, and further provided as follows: "Hereafter no survey shall be made until after entry or application, as provided in the preceding article."

Article 4573, however, of Paschal's Digest, which was the law in force at the time appellees' locations were made, while it contained substantially the same requirements as the articles above cited, concluded as follows: "Provided that nothing in this act shall be so construed as to prevent holders of certificates or scrip from having the same surveyed without entry, but such survey shall not have a preference, or give any right over a location or entry of the same land previously made in the proper office." The difference in these provisions, in our opinion, justified the lower court in holding that the surveys made under the Seaton certificate were valid, notwithstanding the fact that said certificate was not actually filed in the office of the surveyor.

Substantially the same question is presented under the fifth and sixth assignments of error.

In appellants' seventh and eighth assignments of error it is contended that the location of appellees' certificate was invalid, because at said time the counties of Wise, Montague, Jack and Young had not had their county lines or boundaries legally surveyed and established, and because said counties had not complied with the law in force prior to said date in getting copies of field notes of prior surveys and maps, as required by the Act of March 20, 1848, and the Act of January 26, 1858.

The contentions of appellants under these assignments are virtually disposed of in the case of Pardee v. Adamson, 19 Texas Civ. App., 263, in a case involving the validity of locations in the San Saba land district, under an act substantially the same as that creating Jack County land district, under which appellees' locations were made. 8 Gammel's Laws, pp. 163, 182.

Appellees derive their title to the John M. Seaton certificate through a judgment rendered in the District Court of Houston County, Texas, November 27, 1872, in the suit of J. C. Wooters, Administrator of Samuel J. W. Long, deceased, against the Unknown Heirs of James Seaton, deceased, in which said administrator recovered judgment against the unknown heirs of John M. Seaton and James Seaton for several land certificates and tracts of land, including among the rest the duplicate bounty warrant No. 29-186, issued 6th of October, 1870, in lieu of the original bounty certificate issued by Adjutant-General W. G. Cook on the 30th of April, 1846, for 1920 acres to said John M. Seaton. It was agreed that appellees were the heirs of said Samuel J. W. Long. Said judgment is as follows:

"J. C. Wooters, Administrator of Samuel J. W. Long, deceased, v. the Unknown Heirs of James Seaton, deceased. November Term, A. D. 1872, 27th day.

"This cause coming on to be heard and the defendants appearing not, there was a judgment by default and a writ of inquiry awarded, and thereupon a jury of good and lawful men were impaneled and sworn to try said cause, and thereupon the plaintiff proved the following facts: By the affidavit of the printer and the sheriff's return that notice had been published in the East Texas Herald for eight successive weeks previous to the last term of the court, and that the service had been perfected in accordance with law.

"Plaintiffs showed by the deposition of Cyrus H. Randolph, of the county of Brazos, that S. J. W. Long, plaintiffs' intestate, placed in the hands of himself and A. J. Corley, certain title papers for land formerly the property of John M. Seaton, also certain certificates for land purporting to be the headright and bounty land certificate of John M. Seaton; the number of acres was not remembered; had seen the papers but could not describe them minutely; understood that said papers had been sent to James Webb, attorney at law of Austin or Corpus Christi; could not state whether the papers were lost or not; had not seen them since they were sent to Webb, and after the lapse of twenty years could not describe the papers better than had been done. Witness remembered that Seaton was one of the parties and that the transfer from him for the land and certificates in question were properly authenticated; does not know the heirs of Seaton, or whether or not Seaton is dead; this is in substance the testimony of said Randolph, whose depositions are on file in this cause.

"It was shown by the plaintiff that he was and is the administrator de bonis non of Samuel J. W. Long, deceased. Never knew James Seaton, nor John M. Seaton; did not know whether living or dead; know nothing of the transaction except from hearsay, and had been made to believe and did believe that the land and certificates were the property of the estate of Long, deceased; had inquired about the transfers and had made search for same among the papers of the estate but had been unable to find them; the land and certificates are the same as described in the petition and the same as he has always understood the property of his intestate's estate. William Cundiff stated that the transfer to Long to the certificates described in the petition, were sent to Judge Webb; that the certificates had been placed in his hands for location; and that he had located part and had obtained patents on the same; the patents are the same shown to the court and in evidence, and the certificates are the same as mentioned in the petition; that the same were duly transferred to said Long, and were now the property of his said estate, except his locative interest in same, which by the contract was to be one-half the land after his paying expenses of location; that he had made diligent search for the transfers; that he had been unable to find same; that Judge Webb is dead and that witness had gotten a

person to search for the transfers among the papers of the estate of said Webb but had been unable to find and get possession of said transfers from Seaton to Long; that John M. Seaton and James Seaton are dead; does not know anything of the heirs or their residences.

"After the introduction of the evidence, which was in substance as above stated, and the charge of the court and argument of counsel, the jury retired to consider of their verdict, and returned into open court' the following verdict, to wit: 'We the jury find for the plaintiff.' Whereupon it is ordered, adjudged and decreed by the court that the plaintiff James C. Wooters, administrator de bonis non of the estate of Samuel J. W. Long, deceased, do have and recover of the defendants, the unknown heirs of James Seaton, deceased, and John M. Seaton, the land and certificates mentioned and set out in plaintiff's petition to wit: One hundred acres of land situated in the county of Houston and State of Texas, situated on the waters of Pine Island Bayou, and granted by patents to the heirs of John M. Seaton, of bounty warrant No. 2, issued to John M. Seaton by the Adjutant-General on the 30th day of April, 1846, for 640 acres of land, said patent being issued on the 3d day of December, A. D. 1862, by F. R. Lubbock, Governor, and to which said patent reference is here made for better description; also five hundred and forty acres granted by patent to the heirs of said John M. Seaton on the 3d day of December, 1862, by said Lubbock, Governor, etc., the same being situated in the county of Hardin and State of Texas, on the waters of Pine Island Bayou, the same being granted by virtue of balance of said donation warrant issued as aforesaid, to the said John M. Seaton, and to which patents reference is here made for better description.

"Also one land certificate headright of said John M. Seaton, and issued to him for one-third of a league of land, or 1466 acres of land, the same being first class duplicate No. 29-787 issued on the 6th day of October, A. D. 1870, the original being No. 13, and issued July 4, 1850. Also duplicate bounty warrant No. 29-186, issued 6th of October, A. D. 1870, original issued by Adjutant-General W. G. Cook on the 30th of April, 1846, being No. 3, for nineteen hundred and twenty (1920) acres of land and issued to the said John M. Seaton; and that all the right, title and interest which the said James Seaton and the said John M. Seaton ever had in and to said lands and land certificates be and the same is hereby divested out of them and the said heirs of the said James Seaton and the said John M. Seaton, and the same is hereby vested in the said James C. Wooters, administrator of the estate of Samuel J. W. Long, deceased, for the purpose of administration, and the legal heirs of the said Long, deceased, in fee simple, forever; and it is further ordered that the plaintiff pay the costs of this suit which is to be paid in due course of administration."

This judgment as it appears in the record is accompanied by a certificate of the district clerk of Houston County, Texas, dated 24th day of February, 1873, that the same is a true copy of the decree rendered

in said cause, and this is followed by a certificate of the Commissioner of the General Land Office, dated March 10, 1891, that the foregoing judgment and certificate is a true copy of the original on file in his office at that date. As a predicate for the introduction of this copy of the judgment, appellees proved that the original of the judgment and the papers in said cause had been destroyed by fire, and proved by the plaintiff in said cause, J. C. Wooters, and by W. A. Stewart, the attorney who represented the plaintiff in said cause, that the above was, with some unimportant exceptions, a true copy of the decree rendered and entered by said District Court in said cause.

Appellants' assignments of error from the eleventh to the twenty-fifth inclusive are directed against the admissibility in evidence of this judgment; and, without setting out said assignments in detail, we deem it sufficient to say that, in our opinion, the predicate laid for the introduction of said copy by the parol testimony of Wooters and Stewart was sufficient to authorize its introduction. It is insisted that the judgment is not against the unknown heirs of John M. Seaton, but a careful reading of the judgment does not sustain this contention.

It is also insisted that the judgment does not show upon its face that proper affidavit was made authorizing publication by citation; that no attorney was appointed to represent said unknown heirs; that it does not show upon its face that it was a proceeding in the district court of any county; that it does not show upon its face in what paper, if any, publication was made, and that it does not show that said land certificates were in the possession of any person a party to said suit, and that it appears that the court was without jurisdiction to hear and determine said cause. Some of these objections are not sustained by the record. For instance, the parol evidence showed that there was an attorney appointed to represent said unknown heirs, who did represent them in the trial of said cause; but none of the objections urged against the judgment are, in our opinion, sufficient to affect it in a collateral proceeding. The district court which rendered the judgment was a court of general jurisdiction in cases of this character, and the proceeding against unknown heirs after citation by publication was authorized by the statute then in force (Paschal's Dig., art. 5460; Byrnes v. Sampson, 74 Texas, 79) ; and if any of the contentions urged against the judgment are meritorious, they are such as could have been available only in a direct proceeding to set aside the judgment or upon appeal or writ of error.

In the twenty-third and twenty-fourth assignments of error it is insisted that said judgment is insufficient to sustain the title of appellees to the John M. Seaton certificate for the reason that it is not proof of the facts therein recited as to the death of John M. Seaton, and it is not shown that the parties thereto were the sole heirs of John M. Seaton. As we have already stated, a careful reading of the judgment shows that it was in fact rendered against the unknown heirs of John M. Seaton, as well as James Seaton. The certificate under which appellees'

location was made appears not to have been issued to John M. Seaton, but to his heirs, and it shows upon its face that John M. Seaton himself was killed on March 27, 1836, in the massacre of Colonel Fannin's command. The title to the certificate, therefore, being by its terms vested in the heirs of said John M. Seaton, and this judgment being against the heirs of said John M. Seaton and in favor of Wooters as administrator, we are unable to see that anything is lacking to complete the title of appellees to said certificate. -

Appellants' twenty-sixth and twenty-seventh assignments of errors are as follows:

"26. The court erred in not permitting the defendant to offer in evidence a certified copy of the field notes of 234 acres of land made by virtue of John M. Seaton certificate by virtue of certificate No. 3, for 1920 acres of land in Coryell County, for the purpose of showing that said certificate had been located in another county than Houston County, and as contradictory of the statement in said judgment of J. C. Wooters, -etc., v. Unknown Heirs of James Seaton, deceased, contained.

"27. The court erred in not permitting the defendants to introduce in evidence a certified copy of the field notes of 406 acres of land made by virtue of John M. Seaton, in Coryell County, by virtue of certificate No. 3, for 1920 acres of land, for the purpose of showing that the certificate had been located in another county than Houston County, and as contradictory of the statement in said judgment of J. C. Wooters, etc., v. Unknown Heirs of James Seaton, deceased, contained."

These assignments are attempted to be submitted as propositions, and no other propositions are submitted under them. It will be observed that each of these assignments presents two questions: first, the admissibility of the testimony offered for the purpose of showing a previous location of the John M. Seaton certificate; and second, for the purpose of contradicting the statement in the judgment above set out. The assignments being in this condition, are not in form to require our consideration. Cammack v. Rogers, 6 Texas Ct. Rep., 594; same case, 7 Texas Ct. Rep., 211.

The twenty-eighth assignment of error is as follows: "The court erred in not permitting appellants to introduce in evidence the certificate of facts made by the acting Commissioner of the General Land Office in respect to the certificate, original bounty warrant No. 3, issued by William G. Cook, Adjutant-General, to the heirs of John M. Seaton, and the location and disposition of said certificate, the same having been located in other counties than that in which the land involved herein is situated; it appearing from said certificate that there was filed with the claim on the 1st of September, 1872, a power of attorney executed by B. M. Seaton, claiming to be the heir of John M. Seaton, to Hilliard J. Jones, dated the 27th day of May, 1872, and acknowledged before Z. E. Coombes, deputy clerk of the District Court of Dallas County, the same day, authorizing him, the said Jones, to represent his interests

in all things, lands and moneys pertaining to the estate of John M. Seaton, and his rights thereto as heir."

This assignment is attempted to be submitted as a proposition. It can hardly be considered as such, but even if entitled to be considered we are unable to see how the testimony offered could have any legitimate bearing upon the case. It would simply have shown that some person claiming to be an heir of John M. Seaton had filed a power of attorney in the General Land Office shortly prior to the date when the judgment was rendered in favor of Wooters, administrator, against the unknown heirs of John M. Seaton. We are unable to see how this could have affected the validity of this judgment, or have had any material bearing upon the title of appellees.

No error being shown, the judgment of the District Court is affirmed.

*Affirmed.*

Application for writ of error was refused by the Supreme Court, March 24, 1904.