MATT DEAN ET AL. v. D. H. GIBSON ET AL.

Decided February 13, 1904.

**1.—Record of Deed Imperfectly Copied Not Notice.**
·     The record of a deed did not impart constructive notice where the recorder neglected to copy the certificate of acknowledgment. Following Taylor v. Harrison, 47 Texas, 454.

**2.—Bona Fide Purchaser—Presumption of Good Faith from Lapse of Time.**
      Where the evidence shows that a junior purchaser paid a valuable consideration for the land, and more than forty years have elapsed since the purchase, and all the parties are dead, the presumption arises that the purchase was made in good faith and must prevail in the absence of rebutting evidence showing actual notice of the prior defectively recorded deed. Evidence considered and held to raise only a bare suspicion that the junior purchaser had such notice.

Appeal from the District Court of Collin. Tried below before Hon. Rice Maxey.

*M. H. Garnett, B. F. Brown, Coke & Coke,* and *Head & Dillard,* for appellants.

*A. P. Park* and *Abernathy & Beverly,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title. The appellees claim through junior conveyances, and the controlling question is whether or not Watson or Taylor, through whom they claim, were purchasers of the land in good faith.

It is admitted that the land in controversy was patented to Thomas Jouett in 1845; that Mrs. Eliza Gibson was Miss Eliza Bassanio; her husband, D. H. Gibson, died in 1894, and she is now a widow. Collin County was organized in 1846, and the territory now forming Collin County was part of Fannin County prior to April, 1846; and the proper place to record deeds to land in Collin County prior to that date was in the office of the county clerk of Fannin County. The deed from Thomas Jouett to V. B. Timms is lost, and after diligent search can not be found. J. W. Throckmorton is dead; he made a will which was probated, vesting his estate in his widow, Mrs. Ann Throckmorton. She died intestate, and T. B. Wilson is administrator of her estate, and counsel for defendants represent him and her heirs. It is also admitted that Mrs. Mary F. Jouett was administratrix of the estate of Thomas Jouett, deceased, and as such made application to the probate court of Fannin County for an order to sell the land in controversy. Subsequently, and prior to the date of the deed to E. Thos. Watson, she married Churchill Beale, and at the date of said deed was his wife.

On January 22, 1846, Thomas Jouett and wife conveyed said land, by deed duly acknowledged, to V. B. Timms. On the same day said deed was filed for record in Fannin County. The body of said deed was transcribed in book B, deeds records, Fannin County, but the

certificate of acknowledgment was not transcribed, and the deed appears on the record as though no acknowledgment was made. This deed was recorded in Collin County, January 7, 1879. Appellees hold title under this deed.

Thomas Jouett died, and his estate was administered by the Probate Court of Fannin County. His wife was appointed administratrix, and said land was inventoried as part of the estate. In 1855 said land was regularly ordered sold by said court. The sale was made and said land bid in by E. F. Watson for the sum of $230. The sale was confirmed by said court and deed ordered made. The deed was executed by the administratrix, delivered to said Watson on June 30, 1856, and duly recorded in Collin County in February, 1857. Watson, for a valuable consideration paid by Newton Taylor, conveyed said land to said Taylor March 5, 1857, which deed was recorded in Collin County March 13, 1857. Neither Watson nor Taylor had any notice, actual or constructive, of the deed from Jouett to Timms. Appellants claim through this branch of the title.

This is the third appeal of this case. The first appeal was disposed of by the Court of Civil Appeals at Fort Worth (48 S. W. Rep., 57) and the second by this court (58 S. W. Rep., 51). In disposing of the case both courts followed the decision of the Supreme Court in the case of Taylor v. Harrison, 47 Texas, 454, where the identical question of the effect of the record of the Timms deed in Fannin County was passed upon. It was there held that said record did not convey notice. The appellees here, as on former appeals, contend that the Timms deed having been duly acknowledged, the filing thereof with the clerk for record was sufficient notice, though the record thereof was defective. Judge Stephens, on the first appeal (48 S. W. Rep., 57), ably discusses this proposition and holds that it should not prevail under the facts of this case. His reasoning we think sound, and we content ourselves by adopting it without further discussion.

On the issue of Watson and Taylor being purchasers in good faith, we think the evidence fully sustains the contention of appellants that they were such. The evidence shows that both Watson and Taylor paid valuable considerations for the land, and more than forty years having elapsed since the transaction and all the parties thereto being dead, the presumption arises that the purchase was made in good faith. Rogers v. Pettus, 80 Texas, 428; Dean v. Gibson, 58 S. W. Rep., 51. While this presumption is not conclusive, yet, in the absence of rebutting testimony, it should prevail.

Plaintiffs introduced evidence that there was an index book in the record office of Fannin County, showing that the Timms deed had been filed there and recorded. This was evidence as to the filing of the deed, but it added nothing to what the record itself showed. There was evidence also that all the deeds in defendants' chain of title were special warranties; that Watson was a brother-in-law of Mrs. Jouett and was raised by the father-in-law of Newton Taylor, and there was a gen-

eral statement that Mrs. Jouett, Watson and Taylor were well acquainted
with each other's social and business relations. This might possibly
raise a bare suspicion that Watson and Taylor knew of the Timms
deed, but it is of so little probative force as not to weigh against the
presumption of good faith. It was not shown that the relations of
Watson and Taylor with Jouett were intimate, and the fact that Mrs.
Jouett, as administratrix, inventoried the land as property of the es-
tate, indicates that she at that time was not aware of the Timms deed.

The nature of the evidence, when considered as a whole, is such
that the trial court would have been justified in instructing a verdict
for appellants. So believing, we here reverse the judgment of the
court below and render judgment for appellant.

*Reversed and rendered.*

Writ of error refused.