### CHRISTY et al. v. ROMERO et al.†

(Court of Civil Appeals of Texas. El Paso. Oct. 12, 1911. Rehearing Denied Nov. 15, 1911.)

1. ACKNOWLEDGMENT (§ 36*)—SUFFICIENCY.

Under Sayles' Ann. Civ. St. 1897, art. 4616, requiring an acknowledgment to be taken by the grantor, etc., appearing before an officer and stating that he executed the instrument for the consideration and purposes therein stated, and requiring the officer to certify thereto, and article 4617, prohibiting the taking of acknowledgments, unless the officer knows, or has satisfactory evidence on oath, that the person making the acknowledgment is the person who executed the instrument, a certificate of acknowledgment, stating that L. and M., by their attorney in fact, T., being known to the officer to be the persons whose names were subscribed to the preceeding deed, personally appeared before the officer and acknowledged that they executed the same for the purposes and consideration therein expressed, was insufficient to authorize a recording of the deed, and made it inadmissible in evidence as a recorded instrument.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 181, 182, 184–198, 221–223; Dec. Dig. § 36.*]

2. ACKNOWLEDGMENT (§ 45*)—SUFFICIENCY.

A deed was insufficiently proved by a subscribing witness, under Sayles' Ann. Civ. St. 1897, art. 4622, where the certificate did not state that such person was known to the officer, as required by such article and article 4623; and hence was inadmissible in evidence as a recorded instrument.

[Ed. Note.—For other cases, see Acknowledgment, Dec. Dig. § 45.*]

3. TRESPASS TO TRY TITLE (§ 44*)—DIRECTING VERDICT.

Plaintiffs in trespass to try title, having made a prima facie case, and defendants having wholly failed to establish their defense, verdict was properly directed for plaintiffs.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 44.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Trespass to try title by Juan Romero and others against M. D. Christy and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. Engelking, for appellants. Atlas Jones and W. E. Miller, for appellees.

McKENZIE, J. This is an action of trespass to try title and for damages.

The suit was orignially filed on August 23, 1906, by Juan Romero, one of the ap-

pellees, against M. B. Christy and James Christy, to recover 10 acres of land out of the Ysleta grant, in El Paso county, Tex. On August 26, 1909, the appellee Juan Romero filed his amended petition, complaining of appellants M. B. Christy, Jane B. Christy, Walter W. Irwin, and his wife, Mary Irwin, suing for the same land as described in the original petition. On February 16, 1910, the appellee Juan Romero filed his second amended original petition against appellants, reiterating the allegations in his original petition, and alleging, among other things, that, on June 6, 1906, he conveyed to one Louis Foix a one-half undivided interest in the land described in his original petition, and that since said date he and the said Foix had been owners in common of all of said land, with the exception of about two acres, which was by them deeded to one Jose Franco, by deed dated March 26, 1908.

On the same day (February 16, 1910) Louis Foix and Jose Franco filed their petition of intervention in said cause, each alleging ownership in said tract of land according to their respective deeds, which were mentioned in Romero's second amended original petition. On September 8, 1910, Louis Foix, one of the interveners, joined appellee Juan Romero as plaintiff, and as such they filed a third amended original petition against appellants, which said petition is in the usual form of trespass to try title, alleging that they each owned an undivided one-half interest in the land as described in Romero's original petition; and further pleaded, as against the appellants, the three, five, and ten year statutes of limitations. On the same day (September 8, 1910), intervener Jose Franco filed his first amended petition of intervention, reiterating his claim to the two acres of land as deeded to him on March 21, 1908, by appellees Juan Romero and Louis Foix, and for cause of action against the appellants he adopted the plaintiffs' pleading as set out in the third amended original petition. Appellants filed formal answer in this cause on August 31, 1909, and on September 8, 1910, filed their first amended original answer, disclaiming as to the two acres of land which were claimed by intervener Jose Franco, and pleaded the general issue and the three and five year statutes of limitations as against the appellees to the remainder of said 10-acre tract as sued for by them; and further pleaded that in the spring of the year 1900 one A. Pumphrey and his agent, holding said land under a deed duly registered, went into possession of same, inclosing same, together with other adjacent land, with a fence, and paying taxes thereon, claiming, cultivating, using, enjoying, and pasturing same with stock. That said Pumphrey remained in peaceable and adverse possession of said land until March 31, 1905, when the appellants pur-

---

chased same from the estate of said Pumphrey, said purchase being evidenced by deed duly registered, and that appellants have ever since remained in peaceable and adverse possession of said land, cultivating, using, enjoying, and paying the taxes thereon.

The trial of the case commenced on September 8, 1910, and after the introduction of the evidence the court, on September 13, 1910, peremptorily instructed the jury to return a verdict for the intervener Jose Franco for the two acres of land as described in his first amended plea of intervention, and for appellees against the appellants for the remainder of said land, and judgment was entered accordingly, from which judgment the appellants have appealed.

The only defense relied on by the appellants in the trial of the case is the statute of five years' limitation, and appellants' only assignment of error in this appeal is based upon the court's failure to submit the issue of five years' limitation to the jury.

From the testimony, it is clearly shown that appellees and intervener Jose Franco are the owners of the record title to the land in controversy, and are entitled to recover as against the appellants, unless barred by the five-year statute of limitations. Under this phase of the case, we will examine the testimony, and determine whether or not appellants were entitled to have the issue submitted to the jury.

Some time in the spring of 1900, according to appellants' testimony, Absolom Pumphrey, or A. Pumphrey, being one and the same party, fenced, with adjacent lands, the eight acres in controversy; that the fencing on said date was the first act on the part of said Pumphrey to take control of said land, or to exercise by adverse possession, or to cultivate, use, or enjoy the same; that said Pumphrey's title to said land and his claim to ownership in same is evidenced by two deeds, one, dated April 25, 1884, from Louis Schorn, Sr., and his wife, Minnie Schorn, by their agent and attorney in fact, T. H. Conklin, and the other, dated November 9, 1889, from the pueblo of Cinecue, by their agent in fact, E. J. Orn. It also appears that on March 31, 1905, the appellants purchased of the estate of said Pumphrey the land described in the two deeds last mentioned. It also appears from the record that this suit was filed by appellee Juan Romero on August 23, 1906, and that appellants appeared and filed their answer to same on August 31, 1909.

Eliminating the issue as to when citation was issued on the original suit, if at all, or the date when citation issued as to any one of the appellants, whether on the original suit, or subsequently, on the amended petitions which were filed, it is beyond controversy that less than five years expired since March 31, 1905, the date when appellants acquired title to said land from the Pumphrey estate, until the 31st day of August, 1909, the date that appellants filed their original answer. It is undisputed that, in order to establish their plea of five years' limitation, appellants were compelled to rely upon the deed from Schorn and wife to Pumphrey, and the deed from the pueblo of Cinecue to said Pumphrey; said two deeds are the only evidences of title to said land in said Pumphrey or the Pumphrey estate. Objection was made to the introduction of said two deeds as a basis upon which the defendants could claim under five-year statute of limitations, because same were improperly acknowledged, and were not duly registered, as required by law.

Article 3342 of Sayles' Texas Civil Statutes provides that: "Every suit to be instituted to recover real estate as against any person having peaceable and adverse possession thereof, cultivating, using or enjoying the same and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after the cause of action shall have accrued, and not afterwards."

[1] The deed from Louis Schorn, Sr., and his wife, Minnie Schorn, by their agent and attorney in fact, T. H. Conklin, to Absolom Pumphrey, being one of the two deeds as above mentioned, is acknowledged as follows: "The State of Texas, County of El Paso—Before me, W. H. Austin, a notary public, in and for El Paso county, Texas, on this day personally appeared Louis Schorn, Sr., & Minnie Schorn, by their agent & atty. in fact T. H. Conklin, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this 25th day of April, A. D. 1884. W. H. Austin, Not. Public for El Paso Co., Texas. [Seal.]"

Article 4616 of Sayles' Texas Civil Statutes provides that: "The acknowledgment of an instrument of writing for the purpose of being recorded, shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated, and the officer taking such acknowledgment shall make a certificate thereof and sign and seal the same with his seal of office." And article 4617 of Sayles' Texas Civil Statutes provides that: "No acknowledgment of any instrument of writing shall be taken unless the officer taking it knows, or has satisfactory evidence on the oath or affirmation of a credible witness, which shall be noted in his certificate, that the person making such acknowledgment is the individual who executed and is described in the instrument."

From a reading of the certificate of acknowledgment, it will be seen that Louis Schorn, Sr., and Minnie Schorn did not ap-

pear, as required by the statutes, before the officer taking same; and it follows that if they did not appear before said officer then they did not, as stated in the certificate, acknowledge that they executed said instrument "for the purposes and consideration therein expressed." On the other hand, the certificate does not state that "their agent and attorney in fact, T. H. Conklin," appeared before said officer; nor that he executed said deed, or acknowledged same; nor does the certificate state that he was known to said officer. Therefore we hold that the certificate does not comply with the material requirements of the statutes, and is defective and insufficient to authorize the record of the deed to which it was attached, and the deed was inadmissible in evidence as a recorded instrument.

[2] The deed from the pueblo of Cinecue, by their attorney in fact, E. J. Orn, to A. Pumphrey, is acknowledged as follows: "The State of Texas, County of El Paso. Before me, W. E. Kneeland, a notary public in and for the county of El Paso, personally appeared T. T. Teel who resides at El Paso in El Paso county a subscribing witness to the foregoing deed, who, being duly sworn, stated on oath that he saw E. J. Orn subscribe the same, and acknowledged that he did so for the purposes and consideration therein stated, and that he signed the same as witness at the request of the said E. J. Orn and saw G. V. Butler do likewise. To certify which, I hereto sign my name and affix my seal, this 9th day of November, A. D. 1889. W. E. Kneeland, Notary Public, El Paso County, Texas. [Seal.]"

From the certificate, it appears that T. T. Teel attempted to acknowledge the deed as a subscribing witness. Article 4622 of Sayles' Texas Civil Statutes provides that: "The proof of any instrument of writing for the purpose of being recorded shall be by one or more of the subscribing witnesses personally appearing before some officer authorized to take such proof, and stating on oath that he or they saw the grantor or person who executed such instrument subscribe the same, or that the grantor or person who executed such instrument of writing acknowledged in his or their presence that he had executed the same for the purposes and consideration therein stated, and that he or they had signed the same as witnesses at the request of the grantor or person who executed such instrument; and the officer taking such proof shall make a certificate thereof, sign and seal the same with his official seal." And article 4623 of Sayles' Texas Civil Statutes provides that: "The proof of a subscribing witness must be by some one personally known to the officer taking the proof to be the person whose name is subscribed to the instrument as a witness or must be proved to be such by the oath of a credible witness, which fact shall be noted in the certificate." It is readily seen that the certificate does not state that T. T. Teel was known to the officer taking the acknowledgment, as is required by the statutes, and said certificate was for this reason insufficient to authorize the record of the deed to which it was attached, and we hold that the deed was inadmissible in evidence as a recorded instrument.

[3] Now, eliminating the two deeds mentioned, because of the defective acknowledgments, and because they were not entitled to registration and could not be introduced as recorded instruments, it will be seen that from appellants' own testimony the possession of the land under the deed, which was a duly registered deed, dated from March 31, 1905, to the date when appellants filed their original answer on August 31, 1909, aggregated only four years and five months. In making the calculation of the time, we have resolved all disputed questions of testimony in favor of the appellants. The possession declared by law to be sufficient and necessary to sustain the plea of five years' limitation is such as is coupled by deeds, duly registered, for the entire period of five years; so, under the law, the defendants' possession must be for the prescribed period, under deed or deeds duly registered, by virtue of which he enters. The defense would not prevail in this suit; and it was the duty of the trial court, the appellees having on the trial made a prima facie case, and the appellants having wholly failed to establish a defense, to have instructed the jury to return a verdict for the appellees. There was no error in the judgment below, and we think it should be affirmed.

Affirmed.