HOUSTON OIL CO. OF TEXAS v. BAYNE et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 7, 1911. Rehearing Denied Dec. 7, 1911.)

1. VENUE (§ 17*)—ACTION FOR LAND—WAIVER OF OBJECTIONS.

Right of a defendant to have a suit concerning land brought in the county where it lies, under Rev. St. 1895, art. 1194, § 14, is waived by failure to object on suit being brought in another county, though the suit be against unknown heirs, cited by publication.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 28–31; Dec. Dig. § 17.*]

2. JUDGMENT (§ 495*) — VALIDITY — PRESUMPTIONS.

In the absence of proof to the contrary and to sustain a judgment concerning land, it will be presumed that an attorney ad litem was appointed to represent unknown heirs cited by publication.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 933, 934; Dec. Dig. § 495.*]

3. JUDGMENT (§ 497*) — RECITALS — SUFFICIENCY.

A judgment, reciting that service of citation against unknown heirs was perfected according to law, sufficiently shows that the citation was sufficiently published.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

4. VENDOR AND PURCHASER (§ 231*)—NOTICE.

A judgment concerning land, rendered in a county other than where the land lies, is not constructive notice to one purchasing before the judgment is recorded in the latter county.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

5. APPEAL AND ERROR (§ 757*)—BRIEFS—REQUISITES.

Appellant's brief should contain all such facts from the record as are pertinent to the proposition made under an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

6. VENDOR AND PURCHASER (§ 238*)—BONA FIDE PURCHASERS.

Defendant in trespass to try title cannot rely on want of notice to his predecessor of a judgment as constituting him an innocent purchaser, where the judgment does not affect the title conveyed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 238.*]

Error to District Court, Hardin County; L. B. Hightower, Judge.

Action by F. H. Bayne and others against the Houston Oil Company of Texas. Judgment for plaintiffs, and defendant brings error. Affirmed.

H. O. Head and Wear, Orgain & Butler, for plaintiff in error. J. M. Crook, for defendants in error.

REESE, J. This is an action in trespass to try title by F. H. Bayne et al., as heirs of S. J. W. Long, deceased, against the Houston Oil Company to recover 540 acres of land situated in Hardin county, Tex. A trial without a jury resulted in a judgment for plaintiffs, from which defendant appeals.

The land in controversy was patented in 1862 to the heirs of John M. Seaton, deceased, by virtue of a donation warrant issued to John M. Seaton. Appellees are the sole heirs, and as such entitled to the property and estate, of Samuel J. W. Long, deceased, and claim title under a judgment rendered in the district court of Houston county. This judgment was rendered in a suit by J. C. Wooters, administrator of Samuel J. W. Long, deceased, against the unknown heirs of John M. Seaton, deceased, at the November term, 1872, of said court. It was shown that the courthouse of Houston county was destroyed by fire in 1882, and that all of the records and papers were destroyed. A certified copy of the judgment was introduced in evidence, from which it appears that suit was instituted in said court by J. C. Wooters, administrator of Samuel J. W. Long, against the unknown heirs of John

M. Seaton, to recover certain land and land certificates; among others, the tract of land herein sued for, which was then and is now situated in Hardin county. The judgment contains a statement of the evidence and also the following recitals: "Plaintiff proved the following facts, to wit: By the affidavit of the printer and the sheriff's return, that the notice has been published in the East Texas Herald for eight successive weeks previous to the last term of the court, and that the service has been perfected in accordance with law."

By the terms of the judgment, following the statement of the evidence, it was adjudged "that plaintiff, as administrator as aforesaid, do have and recover of defendants, the unknown heirs of James Seaton and John M. Seaton, the property sued for (including the land in controversy), and that all the title and interest which said defendants ever had in the property be divested out of them, and be vested in the said Wooters, as administrator of Long, for the purposes of administration, and the legal heirs of said Long in fee simple forever." A certified copy of this judgment was filed for record in the office of the county clerk of Hardin county on August 2, 1901, and recorded on August 14, 1901. This judgment and proof that appellee was heir of Samuel J. W. Long, deceased, constituted appellees' title. All of the parties connected with the judgment as parties or attorneys were shown to be dead.

In 1861 B. M. Seaton, claiming to be brother and heir of John M. Seaton, as appears from the deed, executed a power of attorney to M. P. Nickols and H. B. Granberry, authorizing them to sell and convey the said donation certificate (with other property). In 1860 Jane M. Davis, styling herself in the deed sister and heir at law of John M. Seaton, deceased, executed a like power of attorney to said Nickols and Granberry. Under these powers of attorney, Nickols and Granberry, for themselves (claiming a half interest) and their principals, B. M. Seaton and Jane M. Davis, conveyed the said certificate to J. M. Killough, who, in 1861, conveyed it to A. B. Mitchell. The certificate having been located by Mitchell and patent issued, whatever title he had by virtue of the above-recited deeds passed by a consecutive chain of transfers to and became vested in appellant, the Houston Oil Company, to whom the land was conveyed by John H. Kirby in 1903. The land was conveyed to Kirby by Alva Jones, one of the vendees in the chain of transfers referred to, on January 10, 1901; and with reference to this sale and conveyance the following agreement of counsel was entered into, and introduced in evidence: "It is also agreed that when John H. Kirby bought this land in controver-

sy in this suit on January. 10, 1901, from Alva Jones, as evidenced by deed of that date, recorded in Book X, pages 538 and 539, Deed Records of Hardin county, Texas, the said John H. Kirby paid the consideration named·in said deed, to wit, $950.00, to Alva Jones, and purchased said land in good faith without actual notice of the judgment through which plaintiffs claim, which was rendered in Houston county, in the case of J. C. Wooters, administrator of Samuel J. W. Long, deceased, against the Unknown Heirs of John M. Seaton, deceased, and at the time of said purchase by John H. Kirby and the payment of purchase money he had no notice of the existence of such judgment or any claim thereunder, except such notice, if any, as the law gave him by reason of the condition of the record."

Among other defenses relied upon by appellant was that of innocent purchaser, for value, without notice of the judgment which was the basis of appellees' title.

[1] Under the first assignment of error, appellant presents the proposition that the judgment in the case of Wooters, Administrator, v. Unknown Heirs of Seaton, is void, on the ground that the land sued for was situated in Hardin county, and the district court of Houston county had no jurisdiction. Appellant relies upon section 14 of article 1194, R. S. 1895, which is as follows: "Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land or a part thereof may lie."

It was held in De La Vega v. League, 64 Tex. 205, that this requirement of the statute confers a mere personal privilege, which may be waived, and the judgment of the district court of some other county, whose jurisdiction has been submitted to without objection, will settle the title to the land as effectually as if suit had been brought in the county in which the land is situated. This doctrine was approved in Bonner v. Hearne, 75 Tex. 251, 12 S. W. 38, and has been repeatedly followed. State v. Snyder, 66 Tex. 695, 18 S. W. 106; Willis v. White, 29 S. W. 819; Moody v. Bank, 51 S. W. 525; Dittman v. Iselt, 52 S. W. 96.

Not denying the authority of these decisions, appellant contends that they have no application to a suit against unknown heirs, cited by publication. In reply to this contention, appellee cites Railroad Co. v. De Berry, 34 Tex. Civ. App. 180, 78 S. W. 737, as conclusive against it. In that case the same judgment as in this was under discussion, but the matter in controversy was one of the land certificates covered by the judgment. None of the cases cited by appellee nor any case we have been able to find, decide the precise question presented. We are of the opinion, however, that the general rule announced by the authorities, and above

stated, applies to this case. The presumption is that the court obeyed the plain command of the statute, and appointed an attorney ad litem to represent the defendants, and they are bound by his waiver of objections to the venue. The assignment must be overruled.

[2, 3] Appellant makes the further objection to the judgment that it does not appear that an attorney ad litem was appointed by the court to represent the defendants in the judgment, who were cited by publication; and, further, that it does not appear that the citation was published as required by law. It is true that it is not recited in the judgment, nor otherwise shown, that an attorney was appointed to represent the defendants. It does appear, however, that the requirements of the statute that the case be not called for trial until the next succeeding term after service perfected, and as to incorporating in the record a statement of the evidence, were carefully observed. It was likewise expressly required by the statute that an attorney be appointed to represent the defendants. In the absence of evidence to the contrary, we must presume that the court complied with the provisions of the statute in this regard. Especially is this true in this case. It certainly is not necessary to the validity of the judgment that it show that the attorney was appointed. It could be shown otherwise. Railroad Co. v. De Berry, supra. All of the records and papers in this case have been destroyed in the burning of the courthouse of Houston county. All of the parties and attorneys connected with the litigation, by whom this fact could be established, are dead. The judgment bears internal evidence that the court was carefully mindful of the provisions of the statute. The presumption would obtain, however, we think, without this, in the absence of evidence to the contrary, that the attorney was duly appointed as required.

The judgment recites that the publication was made for the requisite length of time in the East Texas Herald, a newspaper, but does not recite that this paper was published in Houston county, or any facts showing that the publication was authorized to be made in this paper. The judgment does recite, however, that it was made to appear "that service had been perfected in accordance with law." This was sufficient. Railroad Co. v. De Berry, supra.

[4-6] By its third assignment of error, appellant complains of the judgment, on the ground that the undisputed evidence shows that John H. Kirby, appellant's vendor, was an innocent purchaser of the land for value, and without notice of the judgment, in the case of·Wooters, Adm'r, v. Heirs of Seaton. The agreement as to the facts bearing upon this issue has been set out in our conclusions of facts. This shows that Kirby bought from Alva Jones; that he paid value, and

had no actual notice at the time of his purchase and the conveyance to him of the judgment referred to. It must be conceded that the record of the judgment in Houston county was not constructive notice to him. It was recorded in Hardin county after his purchase and the conveyance to him. These facts would constitute Kirby an innocent purchaser, and entitle him to protection in his title as such, if the evidence connected him with the title of the defendants in the judgment. For all that appears, the title that he acquired from Jones had no connection with their title. In the statement in appellant's brief, where we must look for such facts from the record as are pertinent to the proposition, no reference is made to any evidence tending to connect Jones with the title of John M. Seaton. Looking, however, to the statement of facts, we find no evidence that the persons who made the powers of attorney to Granberry and Nickols were the heirs of John M. Seaton, or had any connection with the title granted by the patent to such heirs. The judgment does not affect the title held by Kirby and conveyed to appellant. As purchasers from parties who are not shown to be heirs of John M. Seaton, their title is not affected by the judgment, and want of notice of it presumably could not have affected their action in buying under their title. Appellee showed title from the sovereignty, through the judgment, and appellants did not connect themselves in any way with this title; and hence were not affected by the want of notice of the judgment. We must conclude that there is no merit in the assignment.

Finding no error, the judgment is affirmed.

Affirmed.