## RULE v. RICHARDS.

(Court of Civil Appeals of Texas. Amarillo. May 11, 1912. On Rehearing, June 29, 1912.)

1. JUSTICES OF THE PEACE (§ 130*)—JUDGMENT—VALIDITY.

Failure of a justice's judgment, which was rendered by default upon citation by publication, to show that no attorney was appointed to represent defendant does not warrant a finding that no appointment was made.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 130;* Judgment, Cent. Dig. §§ 989, 1153.]

2. JUSTICES OF THE PEACE (§ 129*)—JUDGMENT—VALIDITY—COLLATERAL ATTACK.

Judgment rendered in justice's court by default on citation by publication is not void and subject to collateral attack for nonappointment of an attorney to represent defendant.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 408–411; Dec. Dig. § 129.*]

3. JUSTICES OF THE PEACE (§ 48*)—JURISDICTION—FORECLOSURE OF LIENS.

A justice's court has jurisdiction to foreclose an attachment lien on land, and to issue an order for the sale of the same.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 177, 178; Dec. Dig. § 48.*]

4. JUSTICES OF THE PEACE (§ 125*)—JUDGMENT—PROOF.

An original justice's court judgment is admissible in evidence, though not registered or recorded, as required by Rev. St. 1895, art. 4649.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 390–392, 395–399; Dec. Dig. § 125.*]

5. VENDOR AND PURCHASER (§ 224*)—BONA FIDE PURCHASERS—QUITCLAIM DEED.

One claiming under a quitclaim deed cannot be deemed an innocent purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 469–473; Dec. Dig. § 224.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**6. Justices of the Peace (§ 138*)—Judgment—Record—Sufficiency.**

A record sufficiently shows issuance of a writ of attachment, in an action in justice's court, where the judgment in that action shows foreclosure of an attachment lien, and directed issuance of an order of sale, and where it appears that the sheriff's return on the writ was introduced in evidence.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 449–464; Dec. Dig. § 138.*]

**7. Judicial Sales (§ 61*)—Sheriff's Deed—Recitals—Instructions.**

A recital in a sheriff's deed, that the premises described therein, including 120 tracts, "were struck off to H. for the sum of $50, she being the highest and best bidder," etc., does not exclude the possibility that the tracts were sold separately.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 119–122; Dec. Dig. § 61.*]

**8. Evidence (§ 18*)—Judicial Notice—Adequacy of Consideration.**

The Court of Civil Appeals cannot judicially know, in the absence of proof, that $50 was such grossly inadequate consideration for 120 separate lots conveyed by sheriff's deed as to warrant holding the deed void upon collateral attack.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. § 18.*]

**9. Judicial Sales (§ 47*)—Sheriff's Deed—Validity—Collateral Attack.**

A sheriff's deed will not be set aside on collateral attack, after delay of more than 10 years, for want of notice of the sale, especially in the absence of a showing that the irregularity was caused by the fraud or collusion of the purchaser, or that the property sold for a grossly inadequate price.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 89; Dec. Dig. § 47.*]

**On Rehearing.**

**10. Seals (§ 6*)—Presumptions—Acknowledgment.**

A notary's seal is presumed to have been attached to an acknowledgment of a deed.

[Ed. Note.—For other cases, see Seals, Cent. Dig. § 9; Dec. Dig. § 6.*]

**11. Judicial Sales (§ 50*)—Sale — Bona Fide Purchasers—Burden of Proof.**

Plaintiff, in claiming land under foreclosure of an attachment lien, has the burden of showing that the attachment creditor, at the time his lien attached, did not know of an outstanding deed under which defendant claims, executed before, but not recorded until after, the lien attached.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 90–94, 96; Dec. Dig. § 50.*]

Appeal from District Court, Cottle County; Jo. A. P. Dickson, Judge.

Action by T. J. Richards against Johnnie Floyce Rule. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

M. M. Hankins, of Quanah, for appellant. Browne & Warlick, of Paducah, for appellee.

PRESLER, J. This suit was brought by appellee against appellant to remove cloud from title to 27 lots in the town of Paducah, Cottle county, Tex. Appellee, in his petition, sets out the title under which he held as follows: (1) Patent from the state of Texas to R. Potts. (2) Warranty deed from Potts to R. E. Avent. (3) Judgment for debt and foreclosure of an attachment upon the property in question, in a suit wherein S. B. Harwell was plaintiff and the said R. E. Avent was defendant; attachment levied on said property on the 11th day of June, A. D. 1894. Judgment and attachment of record in the justice court of Cottle county, Tex., and shown to have been recorded June 12, 1894, in the attachment record of Cottle county. (4) Sheriff's deed, by virtue of an order of sale issued in said attachment proceedings and judgment from the justice court by said sheriff for R. E. Avent to Mrs. N. A. Harwell, dated January 23, 1895, and filed for record January 30, 1895, and recorded in volume 6, p. 194, deed records of Cottle county. (5) Affidavit from S. B. Harwell, dated July 26, 1910, filed for record July 26, 1910, and recorded in volume 18, p. 263, to the effect that his wife, the said Mrs. N. A. Harwell, had paid for said property with her separate funds. (6) Warranty deed from S. B. Harwell and wife, Emma A. Harwell, to appellee, dated February 11, 1909, filed for record March 6, 1909, and recorded in volume 14, p. 59, Cottle county deed records.

Plaintiff further set out, as showing defendant's claim, and which he alleges clouded the title to said lots, the following instruments, to wit: Deed from R. E. Avent to J. H. Rule, dated December 18, 1893, filed for record July 14, 1894, and recorded in volume No. 6, p. 38, deed records of Cottle county. Quitclaim deed from Mrs. Maude Rule, widow of John H. Rule, to Johnnie Floyce Rule, dated June 2, 1910, filed for record June 13, 1910, and recorded in volume 8, p. 200, deed records of Cottle county.

All of said conveyances above referred to describe and include the lots in controversy, and, except the patent and the deed from patentee to R. E. Avent, were each admitted in evidence by the trial court (it being agreed that the said Avent was the common source of title); and the respective dates of the rendition of the judgment and of the execution of the various instruments and records of the same appear from the evidence to be correctly given as set out in appellee's petition.

The appellant answered, claiming title to the land, and by plea of not guilty, and introduced in evidence a certain bond for title, executed by R. E. Avent to J. H. Rule, conveying the lots in question, together with others, of date May 19, 1893, and filed for record May 24, 1893, in the office of the county clerk of Cottle county, and recorded the 24th day of May, 1893. A trial was had before the court, who rendered judgment for appellee, as prayed for in his petition, from which judgment appellant duly appeals to this court, and here asks that this cause be reversed and rendered.

[1-5] Appellant, under her first assignment of error, complains that the court erred in

admitting in evidence and in considering the judgment rendered in the justice court of precinct No. 1, Cottle county, in the case of Harwell v. Avent, because (1) said judgment shows upon its face to have been rendered by default upon citation by publication, and no attorney was appointed to represent the defendant; (2) because said judgment foreclosed a lien on real estate, and decrees that an order of sale issue, and that the real estate be sold, and is therefore void on its face for want of jurisdiction; (3) that said judgment is not registered or recorded as required by law. We are of the opinion that the assignment is without merit upon either of the grounds alleged. It is not shown by the record that such an attorney was not appointed to represent the defendant in said judgment, further than would be inferred from the failure of the judgment to recite the fact of such appointment; nor do we think that if it conclusively and affirmatively appeared that no attorney was appointed to represent said defendant that said judgment would thereby be rendered void and subject to collateral attack. Houston, etc., R. Co. v. De Berry, 34 Tex. Civ. App. 180, 78 S. W. 736, affirmed in 98 Tex. 620. The question presented by the second objection is one upon which our courts are not in thorough accord; but upon the authority of the Supreme Court of this state, first, in the case of Hillebrand v. McMahan, 59 Tex. 450, and the latter case of Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252, we feel constrained to hold that the objection of appellant, that the justice court had no jurisdiction to foreclose an attachment lien on real estate, and to issue an order for the sale of same, is not well taken. In the last-mentioned case, supra, wherein the trial court (the county court) held that it had no jurisdiction to foreclose such lien, the Supreme Court said: "The ruling of the county court was probably based upon decisions of the Court of Appeals, as formerly constituted, holding that the county court had no jurisdiction to foreclose attachment liens on land. 2 [Willson] Civ. Cas. Ct. App. 126, 297. The Supreme Court has never held to that view of the law; a conflict having existed on that point between its decisions and those of the Courts of Appeals. Hillebrand v. McMahan, 59 Tex. 450. A statute was passed to remedy the difficulty, the effect of which we need not consider, inasmuch as we think it proper to follow on this question the rulings of the Supreme Court, and to hold that the county court had jurisdiction to cause the levy of its writs upon land, and to enforce the levy by foreclosure of liens thereby created. See Sayles' Texas Statutes, art. 180a (214)." We further think that the original justice court judgments are admissible in evidence without the necessity of the record provided under article 4649, R. S.; and that, even if such record was required, the statute could not be invoked on behalf of this appellee, who appears to hold under and by virtue of a quitclaim deed to the lots in controversy, and cannot therefore be considered an innocent purchaser. Fossett v. McMahan, 74 Tex. 546, 12 S. W. 324; Russell v. Farquhar, 55 Tex. 355. Said assignments are therefore overruled.

[6] Appellant's second assignment is to the effect that the sheriff's return on the writ of attachment in this case was not admissible, because the writ he was seeking to execute is not shown, and the statement thereunder is that appellee introduced the sheriff's return only. The recitals of the judgment show foreclosure of the attachment lien on the property in controversy, and directed that an order issue for the sale of the same; and the statement of facts recites that plaintiff introduced in evidence the sheriff's return on writ of attachment issued out of the justice court in this case, and recites that it came to hand on the 11th day of June, A. D. 1894, and was executed on the 11th day of June, 1894, by levying upon and taking into possession the property in controversy in this suit, and is signed by J. L. Gober, sheriff of Cottle county, Tex. We think the record sufficiently shows the issuance of the writ of attachment, and therefore conclude that said assignment should be overruled.

[7-9] Appellant, under her third assignment, complains of the action of the court in admitting in evidence and in considering the sheriff's deed to Mrs. N. A. Harwell, because (1) said deed shows upon its face to have been made by virtue of an order of sale issued by a justice court; (2) that the deed purported to convey over 100 tracts of land (lots), and that they were sold in bulk for $50; (3) that no notice of sale was shown to defendants. The first of these objections has hereinbefore been considered and decided adversely to appellant. As to the second, the only evidence in the record as to whether the lots were sold separately or in bulk is the following recital in the deed: "And at said sale said premises hereinafter described and fully set out were struck off to Mrs. N. A. Harwell for the sum of $50, she being the highest and best bidder therefor, and that being the highest and best bid for the same." While it may be inferred from this recital that the lots were sold in bulk, it does not exclude the possibility that said lots were sold separately, and the total sum that they so brought stated as in the deed, instead of reciting the sale of each lot separately. We are also of the opinion that there is no merit in the objection, for the further reason there is neither claim nor evidence shown by the record that the lots were sacrificed; and this court cannot judicially know, in the absence of such claim and proof, that the sum realized, to wit, $50, was such grossly inadequate consideration for the 120 lots as would warrant our holding said deed void upon collateral attack. Wilson et al. v. Swasey et

al. (Sup.) 20 S. W. 48. We are further of the opinion that there is no merit in appellant's third objection that no notice of sale was shown to the defendant. We are of the opinion that this is such irregularity merely as will not avail appellant to set aside said sale upon collateral attack after a delay of over 10 years, and that said objection of want of notice should here be considered as waived; and, further, that said notice is not essential to the validity of the sale upon this collateral attack—it not being shown that the irregularity complained of was brought about by the fraud or collusion of the purchaser, nor that the property sold for a grossly inadequate price. Morris v. Hastings et al., 70 Tex. 26, 7 S. W. 649, 8 Am. St. Rep. 570; Freem. Ex'ns par. 286; Howard v. North, 5 Tex. 308, 309, 51 Am. Dec. 769. Assignment overruled.

In connection with appellant's fourth and fifth assignments, we deem it necessary to here consider appellee's first and only cross-assignment of error, which complains of the action of the court in admitting in evidence the deed or bond for title from R. E. Avent to J. H. Rule, under whom appellant holds, of date May 19, 1893, and recorded the 24th day of May, 1893, in the deed records of Cottle county, Tex., conveying the property in controversy, because said instrument shows to have been acknowledged before a justice of the peace of another state, and it is not shown that he was an ex officio notary public, because said certificate of acknowledgment is not attested by notarial seal; and, further, that the purported maker of the instrument is not identified therein; and appellee contends that the registration of said deed was a nullity, and not notice to any one. We are of the opinion that appellee's objections are well taken, and said cross-assignment is sustained. Taylor v. Harrison, 47 Tex. 454, 26 Am. Rep. 304; Dean v. Gibson, 48 S. W. 57; Id., 34 Tex. Civ. App. 508, 79 S. W. 363; Carlisle v. King, 122 S. W. 584; Christy v. Romero, 140 S. W. 516; Hayden v. Moffatt, 74 Tex. 647, 12 S. W. 820, 15 Am. St. Rep. 866; McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Settegast v. Charpiot, 28 S. W. 580; Daugherty v. Yates, 13 Tex. Civ. App. 646, 35 S. W. 939.

We are further of the opinion that appellant's said fourth and fifth assignments, which raise substantially the same question, to wit, the sufficiency of appellee's title to support the judgment rendered, are without merit; and that upon the record and the law of the case appellee showed himself to have the superior title to the land in controversy, and is entitled to the relief granted by the trial court.

We therefore conclude that the judgment appealed from in this case should in all things be affirmed; and it is accordingly so ordered.

## On Rehearing.

[10, 11] Having fully considered appellant's motion for rehearing, and the authorities cited therein, we have reached the conclusion that we were in error in holding in our original opinion that appellee showed superior title to the land in controversy, and in affirming this case. It appears from the record that appellee introduced in evidence a certified copy of a deed from R. E. Avent, the common source of title, of date December 18, 1893, filed for record on July 14, 1894, and recorded in the deed records of Cottle county on the 18th day of July, 1894, conveying the land in controversy to J. H. Rule, under whom appellant holds; that the attachment under which appellee claims was levied on June 11, 1894, and filed for record in the county clerk's office of Cottle county on June 12, 1894; that Mrs. N. A. Harwell, under whom appellee holds, purchased the land on January 23, 1895, at sheriff's sale under said attachment proceeding; that appellee purchased the land February 11, 1909, from S. B. and N. A. Harwell. It appears that the deed from R. E. Avent to J. H. Rule, above referred to, was acknowledged before a justice of the peace and ex officio notary public of Sunflower county, Miss., on the 10th day of July, 1894, and the notary, in his certificate, recites that he had impressed his seal thereon (appellee alleges the loss of the original deed), and a certified copy of the record introduced in evidence does not show that a seal was used, further than the notary's recital in his certificate that the acknowledgment was given under seal. We are of the opinion that under the decisions in this state the presumption obtains that the seal was attached to the original instrument, and that said deed was duly and legally recorded, and from the time of said record was notice to all parties buying said land after the record of said deed; and, in order for appellee to recover herein, it is necessary for him to show by the evidence that either he or his vendor, Mrs. N. A. Harwell, bought said land for a valuable consideration, and without notice of the claim under which appellant holds; and having failed in this, because of the execution and record of the deed above referred to, it then becomes necessary for appellee to show affirmatively, in order to recover, that at the time of the fixing of S. B. Harwell's attachment lien he (the said S. B. Harwell) had no notice of the claim under which appellant holds. There does not appear to have been any evidence introduced to show that either appellee or Mrs. Harwell paid a valuable consideration, and purchased without notice of the claim under which appellant holds; nor that there was any evidence that S. B. Harwell, at the date of the attaching of his lien, had no notice of said claim. Watkins v. Edwards,

23 Tex. 443; Grace v. Wade, 45 Tex. 522; Rodgers v. Burchard, 34 Tex. 453, 7 Am. Rep. 283; L. & H. Blum Land Co. v. Harbin, 33 S. W. 153; Walker et al. v. Downs, 64 S. W. 682; Butler v. Dunagan, 19 Tex. 559; Wilson v. Simpson, 68 Tex. 312, 4 S. W. 839; Ballard v. Perry, 28 Tex. 347; Hines v. Thorn, 57 Tex. 104; Witt v. Harlan, 66 Tex. 661, 2 S. W. 41; Alexander v. Houghton, 26 S. W. 1102.

In view, however, of the fact that the case appears to have been tried in the court below upon the theory that, the property in controversy having been attached and the attachment recorded before the defendant's chain of title was placed of record, the sale under the attachment would relate back to the levy and vest the purchaser at such sale with the superior title to the property, and that the question as to whether the attaching creditor, S. B. Harwell, had no notice of the unrecorded conveyance under which appellant holds appears to have been overlooked and not fully developed, we conclude that appellant's motion for rehearing should be here granted, and this case reversed and remanded; and it is accordingly so ordered.